HOWARD NORTON, by his next friend, WALTER R. NORTON, Respondent, v. EAST ST. LOUIS RAILWAY COMPANY, a corporation, Appellant.

St, Louis Court of Appeals.    Opinion Filed June 4, 1918.

1. **MUNICIPAL CORPORATIONS: Ordinances: Rule of Construction.** Legislative intent is the cardinal rule of the construction of ordinances as well as statutes, and while it is within the jurisdiction and the duty of the court to construe any legislative enactment because of indefiniteness and uncertainty, and endeavor to adopt a construction which will make the statute operative when possibl to do so consistent with reason, yet it is not a function of the judiciary either directly or indirectly to enact legislation nor read into any such enactment that which is not either expressed in the statute itself or appears to have been intended thereby, and where the language of an ordinance is clear and concise, and admits of but one interpretation, the court is not authorized or warranted in speculating as to what might have been intended by such ordinance.

2. **STREET RAILROADS: Regulation of Speed: Construction of Ordinance.** Section 1 of section 1240, Revised Ordinances of the City of East St. Louis, Ill., of 1908, providing that street cars shall not run "at a greater average speed between terminals than twelve miles per hour," cannot be construed as limiting street cars to a maximum speed of twelve miles per hour but said ordinance merely restricts the operating of street cars at a greater average speed between terminals.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*Holland, Rutledge & Lashly* for appellant.

(1) The court erred in refusing to give the peremptory instruction asked by appellant at the close of all the evidence: (a) Because there was no evidence of any negligence on the part of the appellant. (b) Because the testimony shows that the respondent was guilty of contributory negligence as a matter of law. Hamm v. United Railways Co., 184 Mo. App. 5; Cole v. Metropolitan Street Railway, 121 Mo. App. 610; Kelsay v. Railway Co., 129 Mo. 362, 372; Mockowick v. Kansas City Ry., 196 Mo. 550; Schaub v. Kansas City Ry., 133 Mo. App. 444; Dey v. Railroad, 140 Mo. App. 461; Paul v. United Railways, 152 Mo. App. 577. (2) The court erred in giving respondent's instruction No. 1 as modified by the court of its own motion. The Ordinance of East St. Louis offered in evidence did not forbid the operation of cars at any given time at a rate in excess of twelve miles an hour, but merely provided that the average speed between terminals should not exceed twelve miles an hour. (3) The court erred in refusing to give instruction No. D asked by appellant. See authorities under heading I (b) supra. (4) The court erred in refusing to give instruction No. E asked by appellant. See authorities under heading I (b) supra. (5) The court erred in allowing respondent's witness, Peyton Read, to testify over the objection of appellant that he saw the car in question passing over a street a block west of Seventh street, and that it was then moving at the rate of twenty to twenty-five miles an hour. Such testimony had no tendency to show at what rate the car approached Seventh street or passed over same.

*John C. Robertson* for respondent.

(1) Violation of the ordinance is negligence *per se,* and proof of such violation makes a prima-facie case for plaintiff. Yonkers v. Railroad, 182 Mo. App. 558; Bluedorn v. Railroad, 108 Mo. 449, 121 Mo. 258; Lueders v.

Railroad, 253 Mo. 166; Swigart v. Lusk, 196 Mo. App. 471; Criss v. U. Ry Co., 183 Mo. App. 392; Hutchinson v. Mo. Pac. Ry. Co., 161 Mo. 246; 254; Strauchon v. Metropolitan St. Ry. Co., 232 Mo. 587; Nufer v. Metropolitan St. Ry. Co., 182 S. W. 792; Pruitt v. Railroad, 134 Mo. 615; Nier v. Mo. Pac. Ry. Co., 12 Mo. App. 5. (2) Ordinary care did not require plaintiff to constantly look both ways, even if it were possible, when approaching tracks along a street crossing, while upon the track. It is sufficient if before he attempts to cross he satisfies himself in the usual course of things he can cross in safety. Criss v. United Ry. Co., 183 Mo. App. 392; Gratiot v. Mo. Pac. Ry. Co., 116 Mo. 451; Strauchon v. Railroad, 232 Mo. 587; Toll v. Railroad, 169 Mo. App. 260; Railroad v. Baddley, 52 Ill. App. 94; Niehaus v. United Ry. Co., 165 Mo. App. 606; Zander v. Transit Co., 206 Mo. 445; Giddings v. Railroad, 133 Mo. App. 610; Murray v. St. Louis Transit Co., 108 Mo. App. 503; Jackson v. Railroad, 157 Mo. 621; Maloney v. United Rys. Co., 183 Mo. App. 292. Woodis v. United Rys. Co., No. 15011, St Louis Ct. of Appeals, May 7, 1918. A court when construing a statute must when consistent with reason, adopt the Construction which will make it operative. Hawkins v. Smith, 242 Mo. 688; Crowley v. Crowley, 167 Mo. App. 414; Spriggs v. Ribinson, 253 Mo. 271; State ex rel. Rippee v. Forest, 177 Mo. App. 245; Craig v. Railroad, 248 Mo. 270.

BECKER, J.—This is an action for damages on account of personal injuries sustained by reason of a collision between the plaintiff while riding a motorcycle, and one of the defendant's street cars. The collision occurred at the intersection of Seventh street and Illinois avenue in the city of East St. Louis, Illinois. The case was heard in the circuit court of the city of St. Louis resulting in a judgment in favor of plaintiff and against defendant in the sum of $450. Defendant in due course brings this appeal.

Plaintiff's amended petition was based upon an alleged ordinance of the city of East St. Louis limiting the

speed of street cars to ten miles per hour, and the alleged negligence of the defendant in operating a street car at a rate of speed in excess thereof. The answer was a general denial and a plea of contributory negligence.

At the trial of the case it developed that the ordinance pleaded in the petition had been amended; whereupon plaintiff amended his petition by leave. The ordinance as amended is section 1 of section 1240 of the Revised Ordinances of the city of East St. Louis, Illinois of 1908, which reads as follows:

"No street railway or interurban railway company shall by itself, agent or employees, run any street car upon, on or along any of the streets of the city at a greater average speed between terminals than twelve miles per hour. Any person or corporation violating the provisions of this section shall be fined not less than ten dollars nor more than two hundred dollars for each offense."

Plaintiff tried his case upon the theory that the said ordinance limited the speed of street cars to twelve miles per hour and an instruction given by the court at the request of plaintiff was predicated upon a like interpretation. A careful reading of the record before us shows that plaintiff under the allegations of his amended petition failed to make out a case unless the ordinance relied upon can be construed to limit the speed of cars to twelve miles per hour. But we do not think that the ordinance is subject to this construction.

While it is true that the legislative intent is the cardinal rule of the construction of ordinances as well as of statutes yet that does not authorize or warrant a court in speculating as to what might have beeen intended by such ordinance or statute. There is nothing whatever before us excepting the ordinance itself; it prohibits any street car from being run along the streets of the city of East St. Louis, Illinois *at a greater average speed between terminals* than twelve miles per hour." (Italics ours). The language of the ordinance is clear and concise and admits of but one interpretation. Learned counsel

for respondent contends the ordinance contains a "joker" and that the ordinance was really intended to limit the speed of cars to a maximum speed of twelve miles per hour. Even though we were convinced that such were the case, concerning which however we do not express an opinion, we would still be without authority to emasculate the statute in keeping with such view in light of the record before us. While it is within the jurisdiction and the duty of the court to construe any legislative enactment because of indefiniteness and uncertainty, and while the courts will endeavor to adopt a construction which will make the statute operative when possible to do so consistent with reason, yet it is not a function of the judiciary either directly or indirectly to enact legislation nor read into any such enactment that which is not either expressed in the statute itself or appears to have been intended therby. We therefore are constrained to hold that the ordinance relied upon by plaintiff cannot be construed as limiting street cars to a maximum speed of twelve miles per hour as contended for by appellant, but that said ordinance merely restricts the operating of street cars "at a greater average speed between terminals than twelve miles per hour."

In view of what we have said above we hold the court committed prejudicial error in reading the following instruction to the jury: "You are instructed that the lawful rate of speed for street cars in the city of East St. Louis at the time of the collision referred to in this case was twelve miles per hour, and you are further instructed that operating a street car in excess of twelve miles per hour at the place of the collision was negligence." The judgment is accordingly reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.