## Wytheville.

## WINN BROS. AND BAKER, INC. V. LIPSCOMB.

### June 10, 1920.

1. DIRECTING VERDICT—*Partial View of the Evidence.*—If instructions, in substance, direct a verdict upon a partial and inadequate statement of facts, they are erroneous.

2. DIRECTING VERDICT—*Partial View of the Evidence—Error in Instruction Cured by Another Instruction—Case at Bar.*—In the instant case there were but two instructions. The second one was objected to by defendant as directing a verdict without consideration of the theory of defendant that plaintiff was in default in the discharge of his duty as defendant's agent. The instruction objected to, however, did not itself direct a verdict. It was only by the two instructions that it could be said that a verdict was directed. Both instructions must be read together; and, when so read, it was manifest that the consideration of the theory of defendant that plaintiff was in default in the discharge of his duty in the premises was not withdrawn from, but was submitted to the jury, as the first instruction expressly submitted that issue to the jury.

3. AGENCY—*Instruction as to Authority of Agent—Evidence to Support—Case at Bar.*—In the instant case it was held that there was ample evidence to support an instruction that if the jury believed that plaintiff purchased for defendant certain apples after he had fully disclosed to the defendant the quality of the apples to be purchased, and had been fully instructed so to do by it, and the defendant sustained damages as a result thereof, the damages could not be imputed to plaintiff, and he was entitled to proper compensation for his labor, and to be reimbursed for the money laid out by him in the purchase.

4. VERDICT—*Validity—Verdict must Dispose of all Issues.*—A verdict, to be valid, must dispose of all the issues in the case which affect the correctness of the verdict; and that, if it appears from the record that it is uncertain whether the verdict responds to all of such issues, it is invalid.

5. VERDICT—*Must Dispose of all Issues—Plea of Recoupment—General Verdict for Plaintiff.*—In an action to recover the cost of certain apples bought for and shipped to defendant by plain-

tiff and for plaintiff's commissions, defendant pleaded the general issue and filed a special plea of set-off under the recoupment statute claiming damages occasioned by plaintiff shipping to defendant inferior and badly packed apples, in breach of plaintiff's duty to defendant under a contract of employment.

*Held:* That a general verdict for plaintiff was necessarily a finding in his favor upon the issue on the special plea, as well as upon the general issue.

6. SET-OFF, RECOUPMENT AND COUNTERCLAIM—*Recoupment Under General Issue.*—The defense of recoupment as to unsealed instruments, to the extent that it does not exceed the plaintiff's demand, can be made under the general issue, and a special plea in such case under the statute (Code, 1904, sec. 3299; Code 1919, sec. 6145) is unnecessary. And when made under the statute, in accordance with the procedure in Virginia, as regulated by statute (Code, 1904, sec. 3304; Code 1919, sec. 6150), where both the plaintiff's and the defendant's claims are to be passed upon by the same jury, but one verdict is expected to be rendered, that being either for the plaintiff or defendant, as the case may be, for the excess to which the one or the other may be entitled, over and above whatsover the adverse party may be entitled to, if anything, on consideration of the conflicting claims.

Error to a judgment of the Circuit Court of city of Norfolk, in an action of assumpsit. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action of assumpsit in which the defendant in error was plaintiff and the plaintiff in error was defendant in the court below. They will be hereinafter referred to in accordance with those positions.

The plaintiff seeks to recover an alleged balance due him by defendant for the cost ($2,630.30) of certain apples bought for and shipped to the defendant, plus plaintiff's charge of $85 commissions, less $2,300 paid by the defendant on the account, the balance of such account as thus left due and unpaid being the sum of $415.30.

The defendant plead the general issue of non-assumpsit, on which issue was joined; and also filed a special plea of

set-off under the recoupment statute, alleging the existence of a contract of employment of the plaintiff by the defendant under which the authority of the plaintiff was limited to the purchase of a certain kind and grade of apples suitable for being put in cold storage, and alleging damages against the plaintiff in the sum of $1,940, as occasioned the defendant by the action of the plaintiff in shipping to the defendant apples of an inferior grade, some of them rotten and badly packed, in breach of the duty and not within the authority of the plaintiff under such contract of employment. Issue was also joined upon such special plea.

There was a trial by jury, who rendered the following verdict: "We the jury find for the plaintiff, Rush Lipscomb, and assess his damages at $415.30."

On the facts, the case turns chiefly upon the question of whether the apples in question were bought by the plaintiff and shipped to the defendant under the contract of employment set up in the special plea, or under special authority specifically given to the plaintiff by the defendant after that contract of employment was entered into, by which special authority it was recognized by the defendant that the purchase and shipment of apples in question did not fall within and were not governed by the terms of the initial contract of employment of the plaintiff.

On this question of fact there is but little, if any, conflict of testimony.

The plaintiff testified, in substance, that when he had the opportunity to buy the apples in question near Afton, Va., he "didn't feel like buying this stuff without notifying Mr. Winn;" and that he called Mr. Winn, a member of the defendant company, who was acting for the defendant, over the 'phone, "and told him exactly what I had been offered, what the apples were, the kind, the quality, the best I could, and that if he took this number three grade stuff it would be something that he would want to sell pretty early; it

wouldn't do for storage. He stopped talking and had a conversation with somebody—I don't know who—and called me again. He didn't leave the 'phone, but told me to go ahead and make the deal, that he would take them and he would send me the money to pay for them as they were loaded." That accordingly two remittances were made to the plaintiff by the defendant of $1,300 each, and the apples were shipped in two shipments, one about September 25, and the other about October 17, but the $2,600 total of remittances left the balance due the plaintiff of the $415.30, as per the account. Mr. Winn in his testimony admits the conversation over the 'phone above mentioned, and practically admits the correctness of the plaintiff's version of it. Mr. Baker, another member of the defendant company, who heard the plaintiff's testimony, and was the person with whom Mr. Winn talked in the pause of the 'phone conversation of the latter with the plaintiff above alluded to, admits that the statement of the plaintiff in regard to the 'phone conversation is correct, and that the plaintiff was thus authorized to buy the apples; and the contention in the testimony for the defendant given on the trial seems to be reduced to the position that there were too many rotten apples in the shipment as delivered in Norfolk, and that some of them were badly packed, indicating carelessness and negligence on the part of the plaintiff in looking after the grading and packing of the apples and in accepting them. As to these matters, we deem it sufficient to say that there was a conflict of testimony, but there was ample evidence to sustain a finding of the jury that the plaintiff was not guilty of any culpable negligence or carelessness about any of such matters. And on the whole it is plain from the testimony that there was ample evidence to sustain the verdict of the jury in finding against the defendant on the plea of set-off aforesaid, and in finding as they did in favor of the plaintiff.

The defendant asked for no instructions.

There were but two instructions given, which were at the request of the plaintiff, and are as follows:

"(1) The court instructs the jury that if they believe from the evidence that Rush Lipscomb has without his own default incurred expenses or damages in the course of transacting the business of his agency or in following the instructions of his principal (Winn Bros. and Baker, Inc.), he will be entitled to full compensation and reimbursement."

"(2) The court instructs the jury that if they believe from the evidence that Rush Lipscomb purchased for Winn & Baker the apples set out in the account filed with the declaration in this cause after he had fully disclosed to Winn Bros. and Baker the quality of the apples to be purchased, and had been fully instructed so to do by them, and the defendant sustained damages as a result thereof, said damages cannot be imputed to him. And he is entitled to proper compensation for his labor and to be reimbursed for the money laid out by him in such purchase."

Certain testimony bearing on instruction (2) is referred to in the opinion below.

*Thos. W. Shelton* and *Alfred Anderson,* for the plaintiff in error.

*Hicks, Morris, Garnett & Tunstall,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

There are three assignments of error which will be considered and disposed of in their order as stated below.

1. That the trial court erred in giving instruction (2), copied above, in that it instructed the jury, in substance, to find for the plaintiff, without consideration of the theory

of the defendant that the plaintiff was in default in the discharge of his duty to exercise proper care to see that the apples when bought and shipped were in proper condition and properly graded and packed, which rendered the instruction fatally defective—citing a number of authorities on this subject; and that for this reason also the instruction was misleading.

[1, 2]    There is, of course, no question about the law, that if instructions, in substance, direct a verdict, upon a partial and inadequate statement of facts, they are erroneous. But the instruction (2) objected to does not itself direct a verdict. It is only by the two instructions that it can be said that a verdict is directed. Hence, in considering upon what facts found a verdict is directed, both the instructions given in the case in judgment must be read together, and when so read it is manifest that the consideration of the theory of the defendant that the plaintiff was in default in the discharge of his duty in the premises was not withdrawn from but was submitted to the jury. Instruction (1) expressly submitted that issue to the jury.

[3]    2. That the trial court erred in giving instruction (2) because it is not supported by the evidence, in that the evidence in the case of the plaintiff himself is (M. R., p. 12) that "I was to use my own judgment in determining whether the apples were good or bad," and again, on the same page, that "I used by own judgment;" and that, therefore, the jury could not properly have " 'believed from the evidence that Rush Lipscomb purchased for Winn Bros. and Baker the apples set out in the account filed with the declaration in this case after he had fully disclosed to Winn Bros. and Baker the quality of the apples to be purchased, and had been fully instructed so to do by them,' because such is not the evidence in the case."

Now it appears from the record that the matter about which the plaintiff testified that he used his own judgment

was not whether he should or should not purchase the apples in question, but that he used such judgment with respect to whether the apples were good or bad, and their quality and condition, both before and after they were being packed. That is to say, that his report to the defendants of the kind and quality of the apples before he bought them was based on his judgment on the subject and his accepting them after inspection was based on the same exercise of judgment. And the plaintiff expressly testified, as outlined in part in the statement preceding this opinion, that before buying the apples in question he specifically informed the defendant of what was the quality of the apples (as determined, of course, by the plaintiff's judgment on the subject, based on his experience in the premises) ; that the defendant thereupon sanctioned and authorized the purchase, which was accordingly made; and that, moreover, the apples, on inspection by the plaintiff before they were shipped, proved to be all that he represented them to the defendant to be at the time the latter gave the special authority to the plaintiff to purchase them; and that they were properly packed and shipped, etc., etc.

We are therefore of opinion that there was ample evidence to support instruction (2).

3. The remaining assignment of error is that the verdict is fatally defective, in that it does not respond to the issue joined on the special plea of recoupment, but only to the general issue.

The following authorities are cited and relied on for the defendant to sustain the position of this assignment of error, namely: *Hite* v. *Wilson,* 2 Hen. & M. (12 Va.) 268; *Brown* v. *Henderson,* 4 Munf. (18 Va.) 492; *Danville Bank* v. *Waddill,* 27 Gratt. (68 Va.) 448; *Gawk* v. *Millovich* (Mo. App.), 203 S. W. 1006, and *State* v. *Friedley,* 73 W. Va. 684, 80 S. E. 1112.

[4]    It is, of course, elementary law, that a verdict, to

be valid, must dispose of all the issues in the case which affect the correctness of the verdict; and that, if it appears from the record that it is uncertain whether the verdict responds to all of such issues, it is invalid.

In all of the cases next above mentioned, except that of *Danville Bank* v. *Waddill*, the verdict was a special verdict from which it affirmatively appeared that the verdict responded to only one of two issues in the case which affected the correctness of the verdict. In *Danville Bank* v. *Waddill* there was a general verdict. The subject we have under consideration was, however, only collaterally involved in that case. It arose in this way. There were pleas of payment and a plea of the statute of limitations interposed by the defendant. The court below erroneously practically instructed the jury that the plea of the statute of limitations was a good defense to the action. The jury found a general verdict for the defendant. On appeal counsel for the defendant took the position that the error of the trial court on the subject of the statute of limitations was harmless, since without that plea the verdict would have been, and indeed, was in favor of the defendant on the issue of payment, because being a general verdict it responded to all of the issues in the case. On this subject the opinion of the court delivered by Judge Staples, says: "The defect in this argument is in assuming that a general verdict is necessarily a finding upon all the issues in favor of the party for whom it is rendered. It is certainly more regular in practice, and in some cases it is essential that the finding shall respond to all the issues. The cases of *Hite's Heirs* v. *Wilson*, 2 Hen. & Mun. (12 Va.) 268, *Jones' Ex'rs* v. *Henderson*, 4 Munf. (18 Va.) 492" (above mentioned), "furnish illustrations of this rule. In the latter case issues were joined on the pleas of payment and fully administered; the jury found for the defendant 'he having fully administered.' A judgment on this verdict was reversed by this

court, on the ground that the issue on the plea, of payment had not been tried. The reasons upon which the decision was based are too obvious to require comment. On the other hand, cases often occur in which the finding of one issue is decisive of the case, and renders a consideration of the other wholly unnecessary or immaterial." The opinion then proceeds to hold, with manifest correctness, that in that case it appeared from the record that it was at least uncertain whether the jury had tried the issue of payment, and sets aside the verdict for misdirection of the jury by the action of the court on the instructions on the subject of the statute of limitations.

[5, 6] None of the cases above mentioned involves an issue upon a plea of recoupment as one of the several issues in question. As we know the defense of recoupment, as to unsealed instruments, to the extent that it does not exceed the plaintiff's demand, can be made under the general issue, and a special plea in such case under the statute (Pollard's Code 1904, sec. 3299; Code 1919, sec. 6145), is unnecessary (*Cox* v. *Hagan,* 125 Va. 656, 100 S. E. 666.) And when made under the statute, in accordance with the procedure in Virginia, as regulated by statute (Pollard's Code, 1904; sec. 3304; Code, 1919, sec. 6150), where both the plaintiff's and the defendant's claims are to be passed upon by the same jury, but one verdict is expected to be rendered, that being either for the plaintiff or defendant, as the case may be, for the excess to which the one or the other may be entitled, over and above whatsoever the adverse party may be entitled to, if anything, on consideration of the conflicting claims. Hence a general verdict in such case for the plaintiff is necessarily a finding in his favor upon the issue on the special plea, as well as upon the general issue.

The judgment under review will therefore be affirmed.

*Affirmed.*