## Richmond

## LOU EMMA FIELDS V. COMMONWEALTH.

### March 17, 1921.

1. HOMICIDE.—*Attempt to Commit Homicide—Sufficiency of Indictment—Case at Bar.*—An indictment under section 4767, Code of 1919, section 3888, Code of 1887, for an attempt to commit murder, alleged that accused "did feloniously attempt to commit the crime of murder by then and there" with a loaded pistol, which pistol accused feloniously, willfully, and of malice aforethought did discharge and shoot off at and towards one David Tabb, the accused being close enough to said Tabb to be within carrying distance of the pistol.

    *Held:* That the indictment sufficiently charged the overt acts done towards the commission of the offense. The indictment followed the statute in its use of the word "attempt," and both charged the assault and descended into the particulars of that charge.

2. HOMICIDE.—*Attempt to Commit Homicide—Sufficiency of Indictment—Case at Bar.*—The allegations of an indictment must be read as a whole, and when so read, the allegations of the indictment referred to in the next preceding syllabus unmistakably charge not only the conclusion in the first part of the indictment that the accused attempted to commit the crime of murdering David Tabb, but also, where they descend to the particulars of fact on which the conclusion is based, charge unmistakably that the attempt was to assault and murder David Tabb, and not some one else.

3. HOMICIDE.—*Attempt to Commit Homicide—Sufficiency of Indictment—Allegation of Murder in the First Degree—Case at Bar.*—In the instant case the indictment was not invalid because it failed to specify that the murder alleged to have been attempted was murder in the first degree.

4. HOMICIDE.—*Murder—Intent.*—The intent to kill is an essential element of the crime of murder in the first degree.

5. HOMICIDE. — *Murder — Intent — Indictment.*—An indictment for murder need not expressly allege the intent to kill, and an indictment for murder at common law (which does not expressly

charge the intent to kill), is valid and sufficient to support a verdict of murder in the first degree, if the evidence introduced on the trial is sufficient to establish that the murder was of that degree.

6. HOMICIDE. — *Attempt to Commit Murder — Indictment—Intent.*— An indictment for an attempt to commit murder at common law is valid and sufficient to support a verdict, convicting the accused of an attempt to commit murder in the first degree, if the evidence was sufficient to prove the commission of that crime.

7. APPEAL AND ERROR.—*Presumption in Favor of Verdict—Evidence not in the Record.*—Where accused was convicted of an attempt to commit murder in the first degree and the evidence introduced at the trial was not brought before the Supreme Court of Appeals, that court must presume that it was sufficient to establish that the attempted murder was murder in the first degree.

8. HOMICIDE.—*Attempt to Commit Murder—Verdict.*—In a prosecution for an attempt to commit murder, the jury found the accused guilty as charged in the indictment and fixed her punishment at two years confinement in the penitentiary.

   *Held:* That the verdict was not invalid because it did not expressly appear therefrom that the jury found the accused guilty of the attempt to commit murder of the first degree.

9. VERDICT.—*Responsiveness—Presumption in Favor of Verdict.*— Even in civil cases a general verdict is presumed to be responsive to all the issues in the case affecting the correctness of the verdict, and it is only where it affirmatively appears from the record that it is uncertain whether the verdict responds to all such issues that it will be held to be invalid. This rule is still stronger in criminal cases.

Error to a judgment of the Circuit Court of York county.

*Affirmed.*

Omitting the formal and immaterial parts, the indictment in this case contains the following allegations, namely: That the accused "did feloniously attempt to commit the crime of murder, by then and there, with a pistol, then and there charged and loaded with gun powder and leaden bullets, which said pistol, she, the said Lou Emma Fields, in her hand, then and there held, then and there, feloniously

willfully and of her malice aforethought, did discharge and shoot off, at and towards one David Tabb, she, the said Lou Emma Fields at the time of said shooting being close enough to the said David Tabb to be within carrying distance of said pistol    *    *    *"

The accused demurred to the indictment. The court overruled the demurrer, and the point was duly saved. There was a trial by jury which resulted in the following verdict: "We, the jury, find the accused, Lou Emma Fields, guilty as charged in the within indictment and fix her punishment at two years confinement in the penitentiary." Whereupon, the accused moved the court to set aside the verdict on the ground that it was contrary to the law and the evidence, which motion the court overruled, entered judgment and passed sentence upon the accused in accordance with the verdict, and the accused appeals.

None of the evidence introduced on the trial and none of the facts proved thereon is shown in the record. Further, it appears from the record that the jury "received the instructions of the court," but they do not appear in the record.

The indictment was found under the Virginia statute of attempts, Code 1919, sec. 4767 (being section 3888 of the Code of 1887), which, so far as material, is as follows:

"*How attempts to commit offenses punished.*—Every person who attempts to commit an offense, and in such attempt does some act toward its commission, shall, when not otherwise provided, be punished as follows: If the offense attempted be punishable with death, the person making such attempt shall be confined in the penitentiary not less than two nor more than five years    *    *    *; if it be punishable by confinement in the penitentiary, he shall be confined in jail not less than six nor more than twelve months; if it be punishable by confinement in jail or fine, he shall be confined in jail not exceeding six months or fined not exceeding one hundred dollars    *    *    *"

*Ashton Dovell,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The assignments of error raise the questions which will be disposed of in their order as stated below.

[1]  1. Does the indictment sufficiently charge the overt acts done towards the commission of the offense?

This question must be answered in the affirmative.

The indictment is informal in some respects. It, however, follows the statute in its use of the word "attempt," and further charges that the attempt was "to commit the crime of murder," and that the overt acts done towards the commission of that offense were, in terms or in substance, that the accused, on a certain day, feloniously, willfully and of her malice aforethought, did discharge and shoot, at and towards one David Tabb, a pistol, then and there held in her hand, charged and loaded with gun powder and leaden bullets, she being at the time of the shooting close enough to said Tabb, with respect to the range of the pistol, to have rendered the shooting at and towards said Tabb effective of the aforesaid attempt to commit the crime of murder.

Concerning the overt acts in question, we have here a similar situation involved in *Cunningham's Case,* 88 Va. 37, 13 S. E. 309, where the indictment under consideration was for an attempt to commit rape and was found under the same statute concerning attempts as that under which the indictment was found in the instant case. There the indictment was held sufficient in its charge of the overt

98

acts done towards the commision of the offense, although it merely charged an assault, without charging any of the specific acts constituting the assault, the indictment before us charges the acts constituting the assault and therefore both charges the assault and descends into the particulars of that charge. *A fortiori,* under the ruling in the *Cunningham Case,* the indictment in the instant case sufficiently charges the overt acts in question. See also *Broaddus Case,* 126 Va. 733, 101 S. E. 321.

[2] 2. Did the indictment inform the accused whether she was charged with the attempt to murder David Tabb, or some one else?

We are of opinion that the indictment plainly charges and hence informed the accused that she was charged with the attempt to murder David Tabb.

The following position is taken for the accused in the petition for the writ of error, namely: "The indictment first charges an 'attempt to commit the crime of murder,' alleging the same in the form of a conclusion, * * * then goes on by descriptive language, and alleges that the accused fired a loaded pistol at and towards one David Tabb * * but nowhere is the allegation made that the attempt was to murder David Tabb or assault him. We submit that the descriptive language is not sufficient to support the conclusion of the first part of the indictment that the accused attempted to commit the crime of murdering David Tabb.

The allegations of the indictment must be read as a whole. When so read we think they unmistakably charge not only the conclusion in the first part of the indictment that the accused attempted to commit the crime of murdering David Tabb, but also, where they descend to the particulars of fact on which that conclusion is based, charge unmistakably that the attempt was to assault and murder David Tabb.

[3]   3. Is the indictment invalid because it fails to specify that the murder alleged to have been attempted was murder in the first degree?

The question must be answered in the negative.

[4-7]   The petition of the accused correctly takes the position that the intent to kill is an essential element of the crime of murder in the first degree.   See *Williams'*
*Case,* 128 Va. 698, 104 S. E. 853, and authorities cited. And it is said in the petition that "The indictment says that the accused fired a pistol at and toward David Tabb while within range, but does not allege that the intent existed to kill him." But, it is the settled law of this State that an indictment for murder need not expressly allege the intent to kill, and that an indictment for murder at common law, (which does not expressly charge the intent to kill), is valid and sufficient to support a verdict of murder in the first degree, if the evidence introduced on the trial is sufficient to establish that the murder was of that degree. *Livingston's Case,* 14 Gratt. (55 Va.) 592, 596; *Cluverius'*
*Case,* 81 Va. 787.   On the same principle, we are of opinion that an indictment for an attempt to commit murder at common law is valid and sufficient to support a verdict, such as that rendered in the instant case, convicting the accused of an attempt to commit murder in the first degree, if the evidence was sufficient to prove the commission of that crime.   As the accused has not brought before us the evidence introduced on the trial, we must presume that it was sufficient to establish that the attempted murder was murder of the first degree.   Therefore, we are of opinion that the indictment is valid in the particular in question.

We come now to the only question raised by the assignments of error which remains for our consideration, namely:

[8, 9]   4. Is the verdict invalid because it does not expressly appear therefrom that the jury found the accused guilty of the attempt to commit murder of the first degree?

This question also must be answered in the negative.

It is true that under the statute the jury could not in this case have lawfully fixed the punishment named in the verdict, unless they in fact found the accused guilty of an attempt to commit murder in the first degree. But, in the absence of the presentation to us either of the evidence or the instructions, we must entertain every reasonable presumption in support of the validity of the action of the jury and must conclude that the attention of the jury was properly called to the issue as to the degree of the attempted crime, and that they in their verdict responded to that as well as to all the other issues in the case which affected the correctness of the verdict. Even in civil cases, a general verdict is presumed to be responsive to all the issues in the case affecting the correctness of the verdict (Burks' Pl. & Pr., sec. 300, p. 535), and it is only where it affirmatively appears from the record that it is uncertain whether the verdict responds to all such issues that it will be held to be invalid. *Winn Bros. & Baker, Inc.,* v. *Lipscombe,* 127 Va. 554, 103 S. E. 623. This rule is still stronger in criminal cases, for reasons which we need not enter into here.

The case will, therefore, be affirmed.

*Affirmed.*