## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Mitchell

v.

Nehi Royal Crown, etc., Co.

June 22, 1964

Case No. A-6025

By JUDGE ALEX H. SANDS, JR.

After reviewing the very complete memoranda of authorities submitted by counsel in the above matter and having considered the comments of counsel thereon, I have reached the following conclusions.

The exact form of the verdict in question was:

"We, the jury, on the issue joined, find for the plaintiff and assess the damages at $171.65 plus costs; lawyer's fees and costs of technical advice.

J. S. Barret
Foreman
March 17, 1964"

The items of attorney's fees, court costs and costs of technical advice are obviously not only outside of the scope of the jury's proper inquiry but are indeed beyond the power of either jury or court to award. As to attorney's fee, see *Wisecarver v. Wisecarver*, 97 Va. 452 (1899); *Kemp v. Miller*, 166 Va. 661, page 680 (1936); 5 M.J., *Damages*, § 44, page 535. As to costs, these are covered by statute. Va. Code Section 14-175. This being true the Court, upon rendition of the verdict, had to adopt one of two courses: (a) send the jury back to recon-

sider and revise its verdict or (b) accept the verdict and strike out as surplusage those elements of damage improperly awarded. Defendant objecting to the jury being sent out to reconsider, the Court received the verdict and discharged the jury.

The question now presented is whether the verdict is a good and complete one without considering the improperly awarded elements of damage. If the verdict is definite and certain without these elements then it would seem that they would be surplusage, *Austin's Ex'ors. v. Jones*, 21 Va. (Gilm.) 341 (1821), could be stricken as such by the Court and judgment entered thereon. Subject, of course, to such rulings as the court might make upon motions *after* verdict. If, on the other hand, because of the improper award of these items, the amount of the verdict is uncertain, or the verdict otherwise bad, the Court erred in having received it and the only course open to the Court at this stage would be to set the verdict aside and award a new trial upon all issues. *Rawle v. McIlhenny*, 163 Va. 735 (1934).

There seems to be authority outside of Virginia to the effect that improper elements of damage included in a verdict are merely surplusage and if the issues properly before the jury are disposed of by the language of the verdict, the verdict should be accepted and the improper elements may and should be stricken by the Court. 89 C.J.S., *Trial*, sec. 509; *Roman v. King*, 268 S.W. 414 (Mo. App. 1924).

There is, however, Virginia authority which while not presenting analogous situations factually to those at bar, nevertheless enunciate certain principles which, when applied, control the decision in the instant case upon the pending motions. *Winn Bros. v. Lipscomb*, 127 Va. 554 (1920); *Williams v. Commonwealth*, 153 Va. 987 (1930), *Thompson v. Lynchburg*, 155 Va. 1122 (1931); *Cape Charles Flying Service v. Nottingham*, 187 Va. 444 (1948); *Northern Va. Power Co. v. Bailey*, 194 Va. 464 (1952).

A review of these cases indicates that in this state there are four cardinal rules governing the problem at hand, as follows:

(1) Where matters of *form* only are involved, it is the duty of the trial court to reform the defective

verdict in the presence of the jury and before they are discharged.

(2) It is the duty of the Court to see that the jury is *not* discharged upon the return of an illegal verdict.

(3) Where an illegal verdict is rendered the jury should be properly instructed and not discharged until they have formed and returned a legal verdict upon which the appropriate judgment can be based, or in the alternative be unable to reach such a verdict.

(4) Before any judgment can be entered upon a verdict such verdict must reflect exactly what the jury found or intended to find.

In the light of these principles let us consider the verdict under review. We are not here concerned with a mere defect of *form*. *See Cape Charles Flying Service v. Nottingham*, 187 Va. 444 (1948). Nor are we concerned on the other hand with a verdict which leaves open issues undisposed of. *See Winn Bros. v. Lipscomb*, 127 Va. 554 (1920). We are, on the contrary, concerned with a verdict which shows clearly upon its face that the jury intended making an award, a portion of which was a legal impossibility and therefore a verdict which is, upon its face, an illegal one.

The reasoning in *Thompson v. City of Lynchburg*, 155 Va. 1122 (1931), appears to be controlling here. City of Lynchburg secured a conviction in Police Court against Thompson for unlawful possession of whiskey and upon appeal a Corporation Court jury rendered a verdict of $100.00, plus a four months *suspended* jail sentence. That portion of the verdict which undertook to suspend the sentence being illegal, the Court entered a judgment on the verdict for $100.00 fine and four months in jail. The Supreme Court reversed, holding that the verdict as rendered containing an illegal provision, the jury should have been so instructed and returned to their room to bring back a legal verdict. Appellee argued that it being plain that the jury intended a four months sentence and the $100.00 fine that the Court should have eliminated the word "suspended" as surplusage and entered judgment upon the verdict thus amended. The Supreme Court, however, answered this contention by saying that *it could not be assumed that had the jury known that it was powerless*

*to grant suspension that the jail term would have been the same.*

Applying this same reasoning to the instant case it cannot be assumed that the legal portion of the verdict, i.e. the monetary finding, would have been the same with the illegally awarded elements eliminated. This language of the Court in *Thompson v. Lynchburg* seems particularly applicable to our problem:

> In the case at bar we are dealing not with a reformed or amended verdict but a verdict which shows upon its face the clear intention of the jury to impose upon the defendant only a pecuniary punishment. This, of course, under the statute adverted to, they could not do.

In *Thompson*, the verdict added an element prohibited by law, i.e. the suspension of a jail sentence; in the case at bar the verdict *added* elements *prohibited* by law, i.e. attorney's fee, costs and expert witness fees. The situation is the same in the two cases. Any deletion necessary in either case to cure the illegality of the verdict (i.e. the deletion of the word "suspended" in *Thompson* and the deletion of costs, attorney's fees and expert fees in the instant case) would have to be predicated upon the assumption that the remaining portion of the verdict would remain the intended award of the jury after the deletions had been made. This, says the *Thompson* case, the Court cannot do.

But there is yet another reason why the action of the Court in accepting the verdict in this case constituted error. Even though the verdict, as returned, had been subject to correction by the Court, and it was not, the correction would have been made before the jury were discharged and their assent thereto secured, otherwise the verdict as amended would be a nullity. *Commonwealth v. Gibson*, 4 Va. (2 Va. Cas.) 70 (1817), *see also* 19 Mich. Jur., pages 498 and 499.

For the above reasons the verdict of the jury will be set aside and a new trial awarded upon all issues.