# Wytheville

ROBERT HOBSON v. RICE M. YOUELL, SUPERINTENDENT OF
VIRGINIA STATE PENITENTIARY.

June 9, 1941.

Record No. 2439.

Present, All the Justices.

*Edward T. Haynes,* for the petitioner.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the respondent.

HUDGINS, J., delivered the opinion of the court.

Petitioner, Robert Hobson, filed in this court an original petition praying for a writ of *habeas corpus* and alleging that, on his plea of guilty to an indictment for murder, he was convicted by the Circuit Court of Halifax county and sentenced to fifty years in the penitentiary.* He attacks the validity of the judgment on four grounds, to-wit: (1) That on his plea of guilty the court had no power to convict him of murder in the first degree; (2) that his plea of guilty limited the power of the court to impose the punishment prescribed for murder in the second degree; (3) that the judgment is fatally defective because it does not expressly state that the court ascertained he was guilty of murder in the first degree; and (4) that the judgment is void because no evidence was introduced for the Commonwealth or the accused.

Petitioner's contention will be discussed in the order stated.

1. The substance of the first contention is that no elements of first degree murder are specifically alleged in the indictment.

---

*The judgment of the trial court is as follows:

"Robert Hobson, who stands indicted for a felony was this day brought in court in custody of the sheriff of this county and being arraigned pleaded guilty to said indictment and put himself on the mercy of the court. Here the court with the consent of the attorney for the Commonwealth for this county proceeded to hear and determine the measure of his punishment on his plea of guilty of killing and murdering Gladys Chandler doth fix his punishment at a term of (50) fifty years imprisonment in the State penitentiary of Virginia, and it being demanded of the said Robert Hobson if anything for himself he had or knew to say why the court should not now pronounce sentence and judgment on him and nothing being offered or alleged in delay thereof, it is considered by the court that Robert Hobson be confined in the State penitentiary of Virginia for a term of (50) fifty years and that the clerk of this court forthwith transmit a copy of this judgment to the superintendent of said penitentiary and that the sheriff of this county when required so to do shall deliver him to the guard authorized to receive him who shall remove and safely convey him from the jail of this county to said penitentiary there to be held for service of said term. And the said Robert Hobson was remanded to jail in custody of the sheriff of this county."

The form of the indictment is that prescribed by Michie's Code, section 4865, which was adopted in 1930 (Acts of 1930, p. 626) on the recommendation of the Judicial Council and the Virginia Bar Association (41 Va. Bar Assn. Min. 116). Even before this short form of indictment for murder became the statutory law, this court had previously declared that an indictment charging murder in the second degree only was sufficient to support a verdict and judgment for murder in the first degree. Judge Keith, speaking for the court in *Kibler* v. *Commonwealth*, 94 Va. 804, 809, 26 S. E. 858, said:

"While upon the subject of the indictment, however, a point made by counsel for the prisoner and relied upon in arrest of judgment may with propriety be disposed of.

"It is the common law indictment for murder. It does not charge specially the ingredients of murder in the first degree as distinguished from murder in the second degree, and the contention is that such an indictment will not support a verdict of murder in the first degree. This question was presented to the General Court in the case of *Miller* v. *Commonwealth,* reported in 1 Va. Cas. at page 310, and that court unanimously decided 'that the indictment is not defective in not charging specially such facts as would show the offence to have been murder in the first degree.' To the same effect see *Wicks* v. *Com.,* 2 Va. Cas. 387, and *Livingstone* v. *Com.,* 14 Gratt. 596.

"In the case of *Thompson* v. *Com.,* 20 Gratt. 730, the court says: 'It is not necessary, in consequence of the statute defining the different degrees of murder, and subjecting them to different punishments, to alter the form of indictments for murder in any respect, nor to charge specially such facts as would show the offence to be murder in the first degree.' "

Notwithstanding the clear, emphatic language of this court, the sufficiency of the short form of the indictment to support a conviction of murder in the first degree has been repeatedly questioned and just as re-

peatedly and emphatically answered in the affirmative by this court. See *Hurd* v. *Commonwealth,* 159 Va. 880, 165 S. E. 536; *Bausell* v. *Commonwealth,* 165 Va. 669, 181 S. E. 453; *Pamplin* v. *Commonwealth,* 167 Va. 470, 188 S. E. 147; *Maxwell* v. *Commonwealth,* 167 Va. 490, 187 S. E. 506; *Huffman* v. *Commonwealth,* 168 Va. 668, 190 S. E. 265. See *Bell* v. *Commonwealth,* 170 Va. 597, 195 S. E. 675.

"If, therefore, any proposition of law can be considered as settled by decision and no longer open to debate," as said by Judge Keith, then the proposition that the short statutory form of indictment for murder includes the charge of murder in the first degree is now the established law in this Commonwealth. If an accused desires more detailed information of the charge made against him than that stated in the indictment, the procedure to obtain the same is outlined in the *Pine* v. *Commonwealth,* 121 Va. 812, 93 S. E. 652, and the *Hurd Case, supra.*

The force and effect of a plea of guilty is well established. In 14 Am. Jur. 952, it is stated that: "A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information."

To the same effect, see 22 C. J. S. 656: "The effect of the plea of guilty, generally speaking, is a record admission of whatever is well charged in the indictment or information. It admits all the criminating facts alleged and the statutory elements of the offense charged. Such a plea is applicable to all and to each of the counts of the indictment; and, therefore, if there are good and bad counts in the indictment, the plea of guilty will be referred to that one which is good. While generally no evidence of guilt is required in order to proceed to judgment, for accused has himself supplied the necessary

proof, yet in a proper case evidence may be heard as to the aggravation or mitigation of the offense.''

■■ 2. In support of petitioner's second contention—namely, that the confession of guilt was to second degree murder only, he relies on the principle that, when the Commonwealth has proven the commission of a homicide and pointed out the accused as the criminal agent, the presumption is that such an accused is guilty of murder in the second degree. In order to elevate the offense to murder in the first degree, the burden of proof is on the Commonwealth, and to reduce the offense to manslaughter the burden of proof is on the accused. These principles are to be applied in analyzing and weighing evidence. A plea of guilty eliminates the necessity for proof, in so far as fixing the degree of the crime is concerned.

■ Considering the indictment and the plea, the accused has pleaded guilty to the highest degree of the offense which the indictment charges and of which he can be convicted under its averments. *Green* v. *Commonwealth*, 12 Allen (94 Mass.) 155; *Territory* v. *Miller*, 4 Dak. 173, 29 N. W. 7; *People* v. *Kaiser*, 206 N. Y. 46, 99 N. E. 195; *Green* v. *United States*, 40 App. D. C. 426, 46 L. R. A. (N. S.) 1117.

3. The petitioner's third contention is that the judgment is fatally defective because the degree of murder is not expressly stated therein.

This point was not stressed in the oral argument or in the brief. The contention is inconsistent with the other arguments made in the brief. The gravamen of petitioner's complaint is that he was found guilty of murder in the first degree when he should not have been found guilty of a higher crime than murder in the second degree.

The pertinent part of the judgment reads: ''Here the court * * * proceeded to hear and determine the measure of his punishment on his plea of guilty of killing and murdering Gladys Chandler doth fix his punishment at a

term of (50) fifty years' imprisonment in the State penitentiary of Virginia, and it being demanded of the said Robert Hobson if anything for himself he had or knew to say why the court should not now pronounce sentence and judgment on him and nothing being offered or alleged in delay thereof, it is considered by the court that Robert Hobson be confined in the State penitentiary of Virginia for a term of (50) fifty years * * * .''

Code, sec. 4394, prescribes the punishment for murder in the first degree to be death, or confinement in the penitentiary for life, or for any term not less than twenty years.

Code, sec. 4395, provides that punishment for murder in the second degree shall be by confinement in the penitentiary not less than five nor more than twenty years.

Code, sec. 4919, is as follows: ''If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict fix the degree thereof and ascertain the extent of the punishment to be inflicted within the bounds prescribed by sections forty-three hundred and ninety-four and forty-three hundred and ninety-five. If the accused confess the indictment to be true, the court shall ascertain the extent of the punishment within the same bounds, and give sentence accordingly.''

The last sentence in the above section, prior to the change made by the Code revisors of 1919, read: ''If the accused confess the indictment to be true, the court shall examine the witnesses and determine the degree of the crime, and give sentence accordingly.'' Code of 1887, sec. 4041. The omission of the mandate, requiring the court to examine the witnesses and to determine the degree of crime, is significant. It seems that a practice has developed in a number of trial courts, whereby the Commonwealth and the accused, through their attorneys, agree on the extent of the punishment to be imposed, subject to the approval of the court. On the arraignment of the accused and his plea of guilty, one of the attorneys, in the presence of the other, states to the court the essen-

tial facts constituting the crime charged and the punishment agreed upon. In a great number of such cases the court will accept the recommendation of the Commonwealth and, without examination of the witnesses, fix the punishment accordingly.

While this practice is permissible under the change in the statute, it is a practice that may be abused and should not be extended. In *Dixon* v. *Commonwealth*, 161 Va. 1098, 172 S. E. 277, we held it reversible error for the trial court to impanel a jury to determine the extent of the punishment in a case in which the prisoner had pleaded guilty to an indictment charging a capital offense. On a plea of guilty, the accused and the Commonwealth are entitled to the independent judgment of the court upon the degree of his guilt and the punishment to be inflicted, uninfluenced by the judgment or advice of a jury or bystanders.

There is no doubt or confusion as to the degree of the offense of which the petitioner was convicted, as shown in the judgment. Fifty years' confinement in the penitentiary clearly indicates that the court ascertained the petitioner to be guilty of murder in the first degree. *Fields* v. *Commonwealth*, 129 Va. 774, 106 S. E. 333.

In 30 C. J. 431, this is said: "According to the weight of authority, even where the jury are required to specify the degree of guilt in their verdict, a verdict which does not expressly find the degree may nevertheless be valid if the assessment of punishment clearly indicates such degree."

A writ of *habeas corpus* may not be invoked for failure of a verdict to state the degree of guilt, where the accused has been convicted of murder in the first degree and sentenced accordingly, notwithstanding the fact that the imposition of such sentence upon such verdict might have been cause for reversal upon appeal. *In re Eckart,* 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085.

4. The petitioner's final contention is that the judgment is void because no evidence was introduced.

It is well established that mere errors in the proceedings of a court of competent jurisdiction cannot be reviewed on *habeas corpus*. In such case the remedy, if any, is by writ of error or appeal. It is only where the proceedings, under which the party complaining is detained in custody, are void that the party will be discharged on *habeas corpus*. *Ex parte Rollins*, 80 Va. 314; *Ex parte Marx*, 86 Va. 40, 9 S. E. 475. In this latter case the following is said:

"The case, therefore, was not only within the jurisdiction of the justice, but it was brought and conducted in strict conformity with the established rules of procedure in such cases, and hence the petitioner's secured ground of objection—namely, that the conviction is not warranted by the evidence—cannot be maintained. The writ of *habeas corpus* is not a writ of error. It deals, not with mere errors or irregularities, but only with such radical defects as render a proceeding absolutely void. It brings up the body of the prisoner with the cause of his commitment, and the court can inquire into the sufficiency of that cause; but if he be detained in prison by virtue of a judgment of a court of competent jurisdiction, that judgment is in itself sufficient cause. An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity, and it is not a nullity if the court or magistrate rendering it had jurisdiction to render it. *Ex parte Watkins*, 3 Pet. 193; *Ex parte Rollins*, 80 Va. 314." (86 Va. 40, at pp. 43, 44.)

The Circuit Court of Halifax county had jurisdiction to try and convict petitioner of the offense charged. This the court did. The order specifically recites that on the plea of guilty the court proceeded "to hear and determine the measure of his punishment." This statement is conclusive on its face and is not open to collateral attack.

In *Harlan* v. *McGourin*, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, it was held that whether there was sufficient evidence to support a conviction could not be con-

sidered in a *habeas corpus* proceeding. There the court said:

"The contention is that in the respects pointed out the testimony wholly fails to support the charge. The attack is thus not upon the jurisdiction and authority of the court to proceed to investigate and determine the truth of the charge, but upon the sufficiency of the evidence to show the guilt of the accused. This has never been held to be within the province of a writ of *habeas corpus*. Upon *habeas corpus* the court examines only the power and authority of the court to act, not the correctness of its conclusions." See, among other cases on this point, *Ex parte Kearney*, 7 Wheat. (20 U. S.) 38, 5 L. Ed. 391; *Ex parte Terry*, 128 U. S. 289, 306, 9 S. Ct. 77, 32 L. Ed. 405, 409; *Davis* v. *Beason*, 133 U. S. 333, 10 S. Ct. 299, 33 L. Ed. 637, 8 Am. Crim. Rep. 89; *Ex parte Parks*, 93 U. S. 18, 22, 23, 23 L. Ed. 787-789; *Kaizo* v. *Henry*, 211 U. S. 146, 148, 29 S. Ct. 41, 53 L. Ed. 125, 126.

See also, *In re Gregory*, 219 U. S. 210, 31 S. Ct. 143, 55 L. Ed. 184, 25 Am. Jur. *Habeas Corpus*, sec. 53; 29 C. J., *Habeas Corpus*, sec. 38 (17), and cases cited.

This record does not show a hasty, ill-considered judgment on the part of the trial court. The indictment recites that it was returned by the grand jury on Monday, the 18th day of July, 1938. On the same day the trial judge, by order, appointed Messrs. Don P. Bagwell and Henry W. McLaughlin, Jr., two members of the Halifax bar, to defend the accused. The case was not called for trial until ten days later, the 28th day of July, 1938, on which day the petitioner was arraigned and pleaded guilty to the indictment. It is clear from the record that before petitioner pleaded to the indictment, his counsel had had full opportunity to investigate and advise petitioner on all questions pertaining to his defense. The judgment is regular on its face and indicates that the extent of the punishment was duly determined by the court. The indictment, the plea and the orders of the court clearly establish the fact that petitioner was legally

charged with murder in the first degree, his guilt was properly established and the extent of the punishment duly determined. Hence, he is held pursuant to a valid commitment.

To impeach the record petitioner offers his own affidavit, the affidavits of the lawyers who defended him and the affidavit of the trial judge.

Petitioner positively denies, in his affidavit, that any evidence was introduced on his trial. The two lawyers state in their affidavits that they were appointed by the court to represent petitioner prior to the return of his indictment, and that they "conferred with him in one instance in the hospital at the State Farm, and again at Halifax, Virginia, prior to the time of his trial; that we personally went to the scene of the alleged crime and conducted a personal investigation; and that we personally appeared in court on his behalf at the time of his sentence.

"We cannot recollect that any evidence was taken in open court of any nature other than his plea of guilty."

The trial judge, in his letter, which was submitted in the form of an affidavit, has this to say:

"April 22, 1941.

"Mr. Edward T. Haynes,
"222 Richmond Trust Bldg.,
"Richmond, Virginia.

"Dear Mr. Haynes:

"I am just in receipt of your letter of the 21st instant in regard to *Habeas Corpus* for Robert Hobson, tried in the Circuit Court of Halifax county in July, 1938.

"I appointed Messrs. Henry McLaughlin and Don P. Bagwell, two attorneys of the Halifax Bar, to represent this man on his trial. They were both present at his trial and upon their advice he pleaded guilty, and the sentence imposed was recommended by the Commonwealth's attorney and agreed upon by Hobson's two attorneys above named. I think some evidence was taken before

the court. I am not certain as to the evidence being taken, as it is impossible to remember all the details of a trial which took place so long ago. My recollection is that evidence was taken; but as above stated I do not recall the names of the witnesses. I am certain, however, that both his attorneys were present and agreed with the Commonwealth's attorney as to the sentence which he recommended and which was imposed upon his plea of guilty, after fully advising with and consulting Robert Hobson.

"The records of the court of course you can get from the clerk.

"Trusting this will give you the desired information, I am,

"Very truly yours,
"N. S. TURNBULL, JR."

It is useless to comment on these affidavits. The only inference from them and the record is that the accused was duly represented by competent counsel, and that, at the time, the trial judge knew the facts and, on the facts, determined the extent of the punishment.

An order will be entered remanding petitioner to the custody of the superintendent of the State penitentiary, there to be held in accord with the judgment pronounced by the Circuit Court of Halifax county.

*Petition denied.*

HOLT, J., dissenting.

It is sticking in the bark to hold that evidence was introduced when this man was tried. The order sentencing him does not show it nor does a fair reading of the affidavits. The Attorney General, when pressed in argument, made no such claim but contended himself with asking the court to read the record. The accused was, in short form, indicted for murder. This form of indictment does not change the law, but has merely made

it unnecessary to meticulously describe with a wealth of detail the lethal weapon used, or, indeed, any non-essential fact. Murder by statute is still murder in the first or second degree. Upon a plea of guilty undoubtedly a sentence for first degree murder might have been imposed; but murder without more is presumed to be murder in the second degree, and in the absence of evidence continues to be murder in the second degree. In order to raise the offense to murder in the first degree it devolves upon the Commonwealth to show by evidence that some of the things which go to constitute first degree murder were present.

"The presumption is that every killing is murder in the second degree."

"The presumption arising from the homicide being that killing is murder in the second degree, if the State would make it murder in the first degree, the burden is upon the State to establish the elements of the crime." Michie's Code, Annotations to Code, section 4393, and in support of these statements many Virginia cases are cited. Indeed, if there is any law to the contrary in this State, I have never seen it.

No one who is being tried in Virginia for murder can properly be convicted of murder in the first degree until at least one of the prerequisites named in the statute has been established at his trial by competent evidence unless perhaps the accused has in unmistakable terms pleaded guilty to murder in the first degree.

So far as I am advised it is the practice in Virginia where a plea of guilty has been tendered in a murder trial to take evidence that the grade of the offense confessed may be determined. Where this is not the practice it should be.

Since there was no evidence introduced to elevate this offense to murder in the first degree, it was error to impose sentence therefor.