# Richmond

## HENRY CRUTCHFIELD v. COMMONWEALTH OF VIRGINIA.

March 1, 1948.

Record No. 3335.

Present, All the Justices.

The opinion states the case.

*W. A. Hall, Jr.*, for the plaintiff in error.

*Harvey B. Apperson, Attorney General,* and *Henry T. Wickham,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

On October 7, 1946, Henry Crutchfield, hereinafter referred to as the defendant, was indicted under the maiming act, Virginia Code, 1942 (Michie), section 4402. The indictment charged that he "in and upon one Dorothy

Crutchfield feloniously did make an assault and her, the said Dorothy Crutchfield then and there unlawfully, feloniously and maliciously did stab, cut and wound with intent then and there, the said Dorothy Crutchfield, to maim, disfigure, disable and kill * * * ." Under this indictment the defendant could have been found guilty of any felony or misdemeanor substantially charged therein, that is to say, he could have been convicted of (1) a malicious wounding with intent to maim, disfigure, disable and kill; (2) of unlawful wounding with the same intent; or (3) of simple assault and battery. Each of these crimes was charged in the indictment. *Williams* v. *Commonwealth*, 153 Va. 987, 151 S. E. 151.

On October 14, 1946, Crutchfield was tried in the Corporation Court of the city of Lynchburg. The record of the proceedings upon his trial is recited in the following order and judgment entered on that date:

"This day came the Commonwealth's attorney, and the said Henry Crutchfield, who stands indicted of felonious assault, appeared by his attorney, as well as in his own proper person in custody of the jailor of this court, and upon the recommendation of the Commonwealth's attorney, the defendant is allowed to plead guilty to unlawful assault, and the defendant being arraigned, pleaded guilty to unlawful assault, and the evidence and argument of counsel being heard, the court doth find the defendant guilty of unlawfully wounding Dorothy Crutchfield, as charged in the indictment, and doth fix his punishment at three years in the penitentiary. Thereupon, it being demanded of him if anything for himself he had or knew to say why the court should not proceed to pronounce judgment against him according to law, and nothing being offered or alleged in delay thereof, it is considered by the court that the said Henry Crutchfield be confined in the public jail and penitentiary house of this Commonwealth for the aforesaid term of three years, to be computed from the date of this judgment, * * * ."

No appeal from the judgment was noted. In accordance

therewith, the defendant was delivered to the custody of the Superintendent of the Virginia State Penitentiary.

On April 3, 1947, the defendant presented to the Circuit Court of the city of Richmond his petition praying for a writ of *habeas corpus ad subjiciendum*, alleging that the sentence imposed upon him by the Corporation Court of the city of Lynchburg was void, as being in excess of the punishment which could have been imposed upon him upon his plea of guilty to "unlawful assault," a misdemeanor. A writ of *habeas corpus* was issued. In answer to the petition and writ, the Superintendent of the Virginia State Penitentiary admitted the invalidity of the order under which he held Crutchfield because of the imposition of a three years sentence for a felony.

Thereafter, on April 25, 1947, the Circuit Court of the city of Richmond adjudged "that the sentence for three years is a nullity." The Superintendent of the Virginia State Penitentiary was ordered to release Crutchfield from custody under the order of October 14, 1946. It was further ordered that the defendant be delivered to the custody of the sergeant of the city of Lynchburg "for such action as the Commonwealth may be advised in connection with the trial of said Henry Crutchfield before the Corporation Court of the city of Lynchburg on the indictment returned against him at the October term, 1946."

On May 15, 1947, before the Corporation Court of the city of Lynchburg, the Commonwealth's Attorney of that city, in the presence of the defendant, moved the court that "the proceedings, trial, conviction, judgment, sentence and commitment, as set forth in the order of this court entered on October 14, 1946, in the case of the Commonwealth of Virginia v. Henry Crutchfield, be adjudged and declared null and void, and that Crutchfield be put upon his trial upon the indictment found on October 7, 1946." A copy of the record of the *habeas corpus* proceedings was introduced in evidence.

The defendant objected to the motion, and moved the court to proceed to impose only a proper sentence for

conviction of "unlawful assault." The defendant further contended that *if the proceedings, trial,* etc., as shown in the order of October 14, 1946, *should be adjudged void and null,* then more than four terms of the court had elapsed since the return of the indictment against him, and he was entitled to be discharged under the provisions of Virginia Code, 1942 (Michie), section 4926.

The court overruled the motions of the defendant and adjudged the proceedings, trial, conviction, judgment, sentence and commitment, as set forth in the order of October 14, 1946, as null and void. It then ordered that Crutchfield be placed upon his trial upon the indictment of October 7, 1946, limiting and restricting the trial to no higher offense that the felonious and unlawful stabbing, cutting, and wounding of Dorothy Crutchfield, with intent to maim, disfigure, disable and kill her, as charged in the said indictment. To this action the defendant duly excepted.

The defendant filed, in writing, a plea of former jeopardy, verified by affidavit, which the court overruled and rejected.

On his trial, June 9, 1947, the defendant pleaded not guilty to the indictment. After the evidence and argument of counsel were heard, the jury found the defendant guilty of unlawful wounding as charged in the indictment and fixed his punishment at four years in the penitentiary. A motion to set aside the verdict as contrary to the law and the evidence was overruled and the defendant was sentenced in accordance with the verdict of the jury. Thereafter the defendant applied for and obtained this writ of error.

The defendant, in his brief and argument, concedes that it was a jury question whether or not he unlawfully wounded Dorothy Crutchfield, with intent to maim, disfigure, disable and kill, or was only guilty of an assault and battery. Since the evidence was amply sufficient to sustain a conviction in either case, it is unnecessary to review it here.

The principal question for our determination is whether the court erred in declaring null and void the entire pro-

ceedings shown by the order of October 14, 1946, and in placing the defendant again upon trial under the indictment of October 7, 1946.

In Virginia, upon the trial of any felony, there must be a plea by the defendant. If a defendant, when arraigned on a trial for a felony, will not plead or answer, and does not confess his guilt, the court must have a plea of not guilty entered for him before the trial may proceed. Virginia Code, 1942 (Michie), section 4894.

It is clear from the order of October 14, 1946, that the defendant did not plead or answer to a felony, did not confess his guilt of a felony, and that the court did not cause a plea of not guilty to be entered for him.

The record imports this verity: "Upon the recommendation of the Commonwealth's Attorney," the defendant was "allowed to plead guilty to unlawful assault, and the defendant, being arraigned, pleaded guilty to unlawful assault." This was an acceptance by the court of the defendant's plea of guilty to a misdemeanor, an acceptance within the discretion of the court. No issue was joined on the felony charge, and the trial court could not properly proceed upon such charge. The plea of the defendant raised no issue except the question of the extent of the punishment to be imposed for a misdemeanor.

A plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed, the effect of which is to authorize the imposition of the punishment prescribed by law on a verdict of guilty of the offense admitted. *Hobson* v. *Youell*, 177 Va. 906, 15 S. E. (2d) 76. It waives all defenses other than that no offense is charged.

"Offenses are either felonies or misdemeanors. Such offenses as are punishable with death or confinement in the penitentiary are felonies; all other offenses are misdemeanors." Virginia Code, 1942 (Michie), section 4758.

The punishment for the felonies defined in Code, section 4402 is prescribed in that section. A simple assault is punishable as a misdemeanor, that is, "by fine not exceeding five

hundred dollars or confinement in jail not exceeding twelve months, or both, in the discretion of the jury or of the justice, or of the court trying the case without a jury." Virginia Code, 1942 (Michie), section 4782.

On the trial of October 14, 1946, the Corporation Court of the city of Lynchburg had jurisdiction of the person of the defendant and the subject matter of the prosecution. By reason of acceptance of the defendant's plea, he could have been found guilty of no greater offense than unlawful assault, a misdemeanor. The sentence imposed was in excess of that prescribed for a misdemeanor and as to the excess was invalid. 24 C. J. S., Criminal Law section 1584, page 112; 25 Am. Jur., Habeas Corpus, section 59, page 188; 96 A. L. R. 476.

It is well settled that "a court may impose a valid sentence in substitution for one that is void, even though the execution of the void sentence has commenced." *Powell* v. *Commonwealth*, 182 Va. 327, 28 S. E. (2d) 687, and cases cited. 15 Am. Jur., Criminal Law, section 477, page 132; 24 C. J. S., Criminal Law, section 1589, page 120.

It would appear from the order of the Corporation Court of the city of Lynchburg of May 15, 1947, restricting and limiting the new trial to no higher offense than felonious and unlawful stabbing, etc., that the court did give some effect to its order and judgment of October 14, 1946, notwithstanding its adjudication that the entire proceedings on October 14, 1946, were null and void. The court, however, failed to consider the effect of its acceptance of the plea of Crutchfield to guilt of a misdemeanor only.

The order of the Circut Court of the city of Richmond in the *habeas corpus* proceeding clearly discloses that it did not adjudge the whole proceedings of October 14, 1946, null and void. It only held "that the sentence of three years is a nullity." The sole issue before that court was whether the sentence of three years was in excess of that prescribed by law. Upon the recommitment of the defendant to the custody of the sergeant of the city of Lynchburg for further action, it only remained for the

corporation court of that city to impose a valid sentence for a misdemeanor.

For the foregoing reasons, the judgment complained of is reversed and set aside, and the case remanded to the Corporation Court of the city of Lynchburg, that it may forthwith consider, determine, and impose a valid sentence upon the defendant for the misdemeanor of which he was convicted on October 14, 1946.

It is suggested in the brief of the defendant that he has already been imprisoned in jail and in the State Penitentiary a longer time than is authorized by law for conviction of a misdemeanor. The record does not show this. If, after sentence is imposed by the trial court, it appears that his contention is true, the trial court should order his immediate discharge from further custody under the conviction in this case.

This case is remanded for such further proceedings as may be necessary, in accordance with this opinion.

*Reversed and remanded.*