# Richmond

LLOYD PASKEL KIBERT v. COMMONWEALTH OF VIRGINIA, W. D.
BLANKENSHIP, SUPERINTENDENT OF BLAND CORRECTIONAL CENTER.

March 5, 1976.

Record No. 750095.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Birg E. Sergent*, for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

This appeal presents the question whether Virginia law requires the introduction of evidence to sustain a conviction based upon a plea of guilty in a criminal case.

The question arises against the background of a series of attempts by Lloyd Paskel Kibert to overturn his two convictions of murder of the first degree, upon which concurrent life sentences were imposed. The convictions were based upon pleas of guilty entered by Kibert on June 4, 1959, to two statutory short form indictments for murder. The voluntariness of Kibert's pleas long since has been resolved adversely to his claims.

Following unsuccessful attempts to overturn his convictions in state courts, Kibert filed a petition for habeas corpus relief in the United States District Court for the Western District of Virginia. Proceeding upon the belief that the indictments against Kibert charged only second degree murder, the District Judge ruled that at Kibert's trial the burden was on the Commonwealth to produce evidence to elevate the offenses to first degree murder. Finding that no evidence had been produced at Kibert's trial, the District Judge held that Kibert's convictions of murder of the first degree were based solely upon his pleas of guilty and that the convictions were, therefore, "so totally devoid of evidentiary support as to be a denial of due process of law." Accordingly, the District Judge awarded Kibert habeas corpus relief. *Kibert v. Slayton*, 356 F.Supp. 760 (1973).

In an unreported memorandum decision dated May 29, 1974, the United States Court of Appeals for the Fourth Circuit reversed the judgment of the District Court. Although the Court of Appeals accepted the District Judge's finding that no evidence had been introduced at Kibert's trial, the Court held that Kibert's pleas of guilty to the short form indictments constituted, under Virginia law, pleas to murder of the first degree. Whether, however, under Virginia law, the introduction of evidence was necessary to sustain the convictions, the Court stated, was a question not "definitely resolved." Stating that principles of comity were "most acute" in the case, the Court refrained from deciding the question to afford Virginia "the opportunity to have its own tribunals interpret the unsettled state law." Kibert's petition for habeas corpus relief was ordered dismissed without prejudice to his right to reassert his "no evidence" claim in federal courts after he had exhausted state remedies.

Kibert sought and was denied certiorari. 419 U.S. 995 (1974). He then filed in the court below a *pro se* "Petition for a Writ of Coram Vobis." While he reasserted a number of grounds for relief which previously had been finally rejected, Kibert did allege that there was "no evidence presented at the trial." The lower court denied Kibert's petition, and we granted a writ of error limited to the sole question of the necessity of evidence to sustain a conviction based upon a plea of guilty.

At the outset, a proposition emerges which, under normal circumstances, would be conclusively dispositive. The orders of conviction in Kibert's case recite that the court, *having heard the evidence*, proceeded to find the accused guilty of murder of the first degree. The recital in the orders that the court had heard the evidence is an absolute verity, and it is not subject to collateral attack. *Abbott* v. *Peyton*, 211 Va. 484, 487, 178 S.E.2d 521, 523 (1971); *Hobson* v. *Youell*, 177 Va. 906, 916, 15 S.E.2d 76, 80 (1941).

We do not retreat from this proposition, and its unbending application ordinarily would end the case. The Court of Appeals for the Fourth Circuit, however, found principles of comity so "acute" that it was prompted to refrain from deciding the important question of state law presented by Kibert's "no evidence" claim. A reciprocal sense of judicial courtesy prompts us to resolve the question on its merits.

We will assume, therefore, that no evidence was introduced at Kibert's trial. Having made that assumption, we now inquire whether the Constitution, the statutes, or the case law of Virginia required the introduction of evidence at the trial.

Section 8 of the Constitution of Virginia of 1902, in effect at the time of Kibert's trial, provided that "[i]n criminal cases, the accused may plead guilty; and if the accused pleads not guilty, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, he may . . . waive a jury. In case of such waiver, or plea of guilty, the court shall try the case." These provisions are now found in Article I, § 8 of the present Constitution of Virginia.

Code § 19-166, in effect at the time of Kibert's trial (now § 19.2-257), provided that "[u]pon a plea of guilty in a felony case . . . the court shall hear and determine the case without the intervention of a jury." Code § 19-223 (*see* present §§ 19.2-257 and -288) provided that "[i]f the accused confess the indictment [for murder] to be true,

the court shall hear the case without the intervention of a jury, and shall ascertain the extent of the punishment."

Kibert contends that these constitutional and statutory sections, which provide that upon a plea of guilty the court shall *try* the case, shall *hear* and *determine* the case, and shall *hear* the case and *ascertain* the punishment, clearly require the court to "hear and consider the evidence against the accused . . . where a plea of guilty is entered." We disagree.

We believe the recited constitutional and statutory provisions do no more than authorize and require a trial court, when a plea of guilty is entered in a criminal case, to dispose of the case without the intervention of a jury. Upon a plea of not guilty, the court may dispose of a criminal case without the intervention of a jury only with the consent of the accused and the concurrence of the Commonwealth's Attorney and the court entered of record. The alternate provisions relating to a plea of guilty are intended, in our opinion, only to make clear that the requirement of consent and concurrence entered of record does not apply when a guilty plea is entered and that it is mandatory for the court to dispose of the case without the intervention of a jury.

To say, as Kibert would have us say, that under the statutes of Virginia a trial court must hear and consider evidence whenever a plea of guilty is entered would require judicial reenactment of a legislative mandate once contained in the statutes. Section 4041 of the Code of 1887, a predecessor of Code § 19-223, upon which latter section Kibert presently relies, required thát if "the accused confess the indictment [for murder] to be true, the court *shall examine the witnesses and determine the degree of the crime,* and give sentence accordingly." (Emphasis added.) This provision was altered by the 1919 revision of the Code. Section 4919 of the Code of 1919, the immediate predecessor of § 19-223, omitted the mandate that the court examine the witnesses and determine the degree of the crime. Significantly, a similar mandate has not since appeared in the statutes.

This brings us to the case law of Virginia. We start with the judicially-declared proposition, overlooked in Kibert's case by the United States District Court but recognized by the Fourth Circuit Court of Appeals, that the statutory short form of indictment for murder includes the charge of murder of the first degree. *Hobson* v. *Youell, supra,* 177 Va. at 912, 15 S.E.2d at 78. While, as a general rule, the burden is upon the Commonwealth to elevate a homicide to mur-

der of the first degree (*Painter* v. *Commonwealth*, 210 Va. 360, 364, 171 S.E.2d 166, 169 (1969)), this rule is inapplicable when the accused pleads guilty to an indictment for murder. In so pleading, he confesses "to the highest degree of the offense which the indictment charges and of which he can be convicted under its averments." *Hobson* v. *Youell, supra,* 177 Va. at 913, 15 S.E.2d at 79.

In the present case, therefore, when Kibert entered his pleas of guilty, he confessed to murder of the first degree. It was not required that the Commonwealth produce evidence to elevate the offense to its highest degree because, as we said in *Hobson* v. *Youell, supra,* 177 Va. at 913, 15 S.E.2d at 78-79, a "plea of guilty eliminates the necessity for proof, in so far as fixing the degree of the crime is concerned."

Not only is proof unnecessary to fix the degree of the crime upon a plea of guilty in a murder case but the introduction of evidence to sustain a conviction upon a guilty plea is equally unnecessary in any criminal case. In *Crutchfield* v. *Commonwealth,* 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948), we said that a "plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed." And in *Peyton* v. *King,* 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969), we held that "a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional."

If, as *Crutchfield* and *King* teach us, a plea of guilty is a self-supplied conviction of the offense to which it is directed, the law would engage in superfluities to impose a requirement that evidence is necessary to sustain that which sustains itself. And if, as *King* holds, a plea of guilty is a waiver of all defenses save those jurisdictional, included in the waiver is the potential defense of lack of evidence or of insufficiency of evidence.

In accepting a plea of guilty, any Virginia trial judge is, of course, free to hear the evidence he deems necessary to an understanding of the case and to the fixing of an appropriate sentence. This does not mean, however, that evidence *must* be heard upon a plea of guilty.

It is true, as Kibert points out, that we did say in *Hobson* v. *Youell, supra,* 177 Va. at 915, 15 S.E.2d at 79, that "[o]n a plea of guilty, the accused and the Commonwealth are entitled to the independent judgment of the court upon the degree of his guilt and the punishment to be inflicted." This statement was made, however, immediately after

we had recited that in *Dixon v. Commonwealth*, 161 Va. 1098, 172 S.E. 277 (1934), we had held it "reversible error for the trial court to impanel a jury to determine the extent of the punishment in a case in which the prisoner had pleaded guilty to an indictment charging a capital offense." Kibert, therefore, reads the "independent judgment" statement out of context. The really pertinent statement in *Hobson* is this:

> "While generally no evidence of guilt is required in order to proceed to judgment [upon a plea of guilty], for accused has himself supplied the necessary proof, yet in a proper case evidence *may* be heard as to the aggravation or mitigation of the offense." 177 Va. at 912-13, 15 S.E.2d at 78 (emphasis added).

In this context, "may" denotes discretion, not direction.

Kibert also misconstrues our holding in *Smyth v. Morrison*, 200 Va. 728, 734, 107 S.E.2d 430, 434-35 (1959). *Smyth* holds merely that a trial court has power, in its discretion, to hear evidence upon a plea of guilty and to convict the accused of a lesser offense. Neither *Smyth*, nor any other decision of this court, nor any provision of Virginia constitutional and statutory law requires the introduction of evidence to sustain a conviction based upon a plea of guilty in a criminal case.

For the reasons assigned, the judgment of the trial court will be affirmed.

*Affirmed.*