**Bronson Howard KNIGHT, Appellee,**

v.

**Gene JOHNSON, the Honorable J. Marshall Coleman, Attorney General of Commonwealth, Appellants.**

No. 82–6238.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 6, 1982.

Decided Jan. 20, 1983.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellants.

Kathleen S. Mehfoud, Richmond, Va. (Lacy & Mehfoud, P.C., Richmond, Va., on brief), for appellee.

Before PHILLIPS, Circuit Judge, and HAYNSWORTH and BUTZNER, Senior Circuit Judges.

BUTZNER, Senior Circuit Judge:

The warden of a Virginia prison appeals from an order granting a writ of habeas corpus to Bronson Howard Knight, who had been convicted of burglary and larceny. The district court held that the procedure followed by the state court invalidated Knight's pleas of guilty and denied him the right to effective counsel. *Knight v. Johnson,* 529 F.Supp. 1309 (E.D.Va.1982). We reverse because we conclude that the state court's procedure neither convicted Knight without due process of law nor infringed his right to effective counsel.

I

Knight desired a bench trial, because a jury trial would not afford him the benefit of a presentence report before the jury determined his sentence.[1] The prosecutor, however, declined to waive a jury.[2] Knight then pled "guilty on the protest" and "guilty underneath protest" to the two charges against him. Knight's retained counsel stated his client was pleading guilty but that the pleas were "under protest" because the prosecutor had refused to waive a jury trial. Knight's counsel believed the prosecutor's power to prevent a bench trial was unconstitutional and wished to preserve the point for appeal.

On inquiry by the court, Knight refused to admit his guilt. The court then informed Knight of the maximum sentence possible on each charge and of the limited grounds available for appeal.

Thereafter, the court announced it was accepting the pleas of guilty and would hear the evidence fully. It stated it would dispose of the case on the basis of the pleas, the evidence, and a presentence report. The prosecutor then asked the court to reject the guilty pleas, enter not guilty pleas, and empanel a jury. The court refused this request and dismissed the jury, which had

1. Under Virginia law, the jury determines guilt and sets the punishment within the terms prescribed by law. Va.Sup.Ct.R. 3A:25(a). Although a jury is not permitted to review a presentence report, the court may request such a report for its own use before pronouncing sentence. *See* Va.Code § 19.2–299 (1975).

2. The concurrence of the prosecutor is required where a defendant wishes to waive his right to a jury trial. *See* Va.Code § 19.2–257 (1975).

been in the courtroom when Knight pled guilty. It then proceeded to hear evidence, which was sufficient to establish Knight's guilt.[3] Knight did not testify or present any witnesses. At the conclusion of the evidence, the court said: "Without regard to the guilty pleas, and based solely upon the evidence presented here today, this Court can and would and does find the defendant guilty . . . ." The Virginia Supreme Court denied a writ of error.[4]

Knight next applied to the state court for a writ of habeas corpus alleging that his guilty pleas had not been voluntarily and intelligently entered and that he had been ineffectively represented by his retained counsel at trial. The state court appointed new counsel and conducted an evidentiary hearing. At the hearing, Knight continued to protest his innocence and said he thought he was pleading not guilty. He also testified he had two alibi witnesses his attorney had not called and that his attorney had not sufficiently discussed the case with him. Knight did not claim, however, that he had wanted to testify in his own defense on either of the charges on which he had been tried.

Knight's counsel testified he had instructed Knight to plead guilty under protest because he wished to contest the constitutionality of the prosecutor's power to preclude a bench trial. He also stated he wanted a bench trial for Knight because juries in the jurisdiction in which Knight was tried had a reputation for giving heavy sentences. He testified that he explained all of this to Knight. He also testified there was no question of a defense for Knight, primarily because the prosecution had a videotape which showed Knight admitting he had committed the crime. He did not recall Knight ever mentioning alibi witnesses. Finally, Knight's counsel stated

there were no witnesses he would have called on his client's behalf and the most he might have done is cross-examine the prosecution's witnesses more extensively.

At the conclusion of the state habeas corpus proceeding, the judge commented that although he had accepted Knight's guilty pleas, he had tried the case "as if it were on a not guilty plea." He explained:

Finding that [Knight's] pleas were voluntarily and intelligently [entered,] I proceeded to hear and determine the case without a jury and having heard the evidence and argument of counsel the Court, solely upon the evidence without consideration of the pleas, [found] the accused guilty [on] each count.

In its written findings of fact and conclusions of law, the state habeas court found, contrary to Knight's allegations, that his counsel had sufficiently discussed the case with him. It noted the conflict in the evidence about the alibi witness and refused to credit Knight, holding that he had not carried the burden of proof on this issue. The state court held that Knight's pleas were voluntarily and intelligently entered. It also held that tested by the standards of *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir.1977), Knight had not been denied effective assistance of counsel. The Virginia Supreme Court denied a writ of error.

Knight then sought a writ of habeas corpus in the district court, alleging his pleas were not voluntary and intelligent and his counsel at trial and at the state habeas corpus hearing had been ineffective. The district court did not conduct an evidentiary hearing. On the basis of the state court records, it determined Knight's pleas had not been voluntary or intelligent because the state trial court had failed to inform Knight of its intention to proceed as if on a

**3.** The principal evidence against Knight was a videotape, made by the FBI and Washington, D.C., police during the course of a "sting" operation. The tape showed Knight attempting to sell the stolen goods to law enforcement officers who were posing as fences. During the sale, and in the presence of an FBI agent and a Washington, D.C., undercover policeman,

Knight admitted he had stolen the goods himself.

**4.** Knight's appeal to the Supreme Court of Virginia did not assign error to the procedure followed by the trial court. The appeal raised questions of double jeopardy and the constitutionality of the prosecutor's refusal to waive a jury.

not guilty plea with a bench trial on the merits, thereby denying Knight crucial knowledge as to the consequences of his plea. The district court also decided this failure on the part of the trial court denied Knight effective assistance of counsel because his attorney did not employ a strategy during the evidentiary hearing suitable for a trial on the merits. Accordingly, the district court ordered the issuance of the writ.

## II

The crux of Knight's case is the allegation that the state court, after accepting Knight's guilty pleas, proceeded to try the case as if on a not guilty plea, without first advising Knight of its intention. We believe the evidence does not support Knight's position as clearly as did the district court.

█ The record discloses that the state trial judge advised Knight he was accepting the pleas of guilty under protest as pleas of guilty. He informed Knight of the maximum sentence possible on each charge and made sure he understood the nature of the charges. Knight's protest of innocence did not in itself invalidate his plea.[5]

█ The equivocal nature of Knight's pleas and his assertion of innocence placed added responsibility on the state trial judge. Accordingly, he specifically told Knight and his counsel he was going to hear all the evidence. The procedure he proposed to follow was authorized by state law. The pertinent section of the Virginia code provides:

Upon a plea of guilty in a felony case, tendered in person by the accused after being advised by counsel, the court shall hear and determine the case without the intervention of a jury.... In such cases the court shall have and exercise all the powers, privileges, and duties given to juries by any statute relating to crimes and punishment.[6]

On several occasions, the Virginia Supreme Court has construed this statute and its predecessors. In *Smyth v. Morrison,* 200 Va. 728, 107 S.E.2d 430, 434 (1959), the Court explained that the purpose of hearing evidence after a plea of guilty "is to determine whether an accused is guilty or not and the measure of guilt." Thus, although a trial court is not required to hear evidence after a guilty plea, it is within the discretion of the judge "to hear the evidence he deems necessary to an understanding of the case and to the fixing of an appropriate sentence." *Kibert v. Commonwealth,* 216 Va. 660, 222 S.E.2d 790, 793 (1976).

The state court's comments at the conclusion of both the trial and the habeas corpus proceedings were consistent with the Virginia statute. In both instances, the court explained that regardless of the pleas, it had found Knight guilty on the basis of the proof the prosecutor had presented.

█ In *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), the Court explained why a conviction on a plea of guilty that is not voluntary and intelligent deprives a prisoner of his liberty without due process of law. Three federal constitutional rights are involved in the waiver embodied in the plea of guilty. They are the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The proce-

---

**5.** In *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), the Court upheld the validity of a plea that was coupled with a protestation of innocence, saying:

[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when ... a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

**6.** Va.Code § 19.2–257 (1975). *See also* Va. Const., art. I, § 8.

dure the state court used to convict Knight on his pleas of guilty did not infringe any of these rights.

The record discloses Knight was not convicted on the basis of a waiver of his right against self-incrimination. The trial court expressly held that regardless of the pleas, and treating the case as if on a plea of not guilty, it found the evidence sufficient to establish guilt. The court also did not infringe Knight's right to a trial by jury. The record is clear that Knight did not want a jury. Finally, Knight was not denied the right to confront his accusers. The trial court required the prosecutor to put on evidence sufficient to establish Knight's guilt, and Knight's counsel was allowed to cross-examine the prosecution's witnesses without restriction.

We therefore conclude that the procedures followed by the trial court in accepting Knight's pleas and asserting his guilt do not violate the due process clause.

### III

Knight also contends the trial court's procedure denied him effective assistance of counsel in violation of the sixth and fourteenth amendments. The district court sustained Knight's position. It reasoned that Knight's counsel was misled because the trial court did not inform him of its intention to proceed as if on a not guilty plea and that he consequently "employed a strategy that was misaligned with the actual proceedings."[7]

██ Defense counsel's representation must be within the range of competence demanded of attorneys in criminal cases. *Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir.1977). This issue presents a mixed question of law and fact, and a state court's finding of competency is open to review in federal court. *See Cuyler v. Sullivan,* 446 U.S. 335, 341–42, 100 S.Ct. 1708, 1714–15, 64 L.Ed.2d 333 (1980). In conducting this review of the state court record, 28 U.S.C. § 2254(d) requires us to accept as presumptively correct the basic, historical facts

found by the state habeas court when, as here, the prisoner has not established a statutory exception to the application of the statute.

██ Knight does not claim that the procedure followed by the trial court precluded him from taking the stand. His principal complaint is that his counsel did not call two alibi witnesses to testify. On this issue there was an irreconcilable conflict between Knight, who testified that he had told his counsel about the alibi witnesses, and Knight's counsel, who had no recollection about any alibi witnesses. The state habeas court resolved this conflict in the evidence against Knight. Also, contrary to Knight's claim, the state habeas court found that defense counsel had conferred with Knight and advised him of his rights. These basic, historical findings are adequately supported by the evidence. Consequently, pursuant to the statute, we must accept them.

██ Knight's counsel testified at the habeas corpus hearing that he "might have examined witnesses more thoroughly," but that given the evidence against Knight, "there[ ] [was] just absolutely no way to get [Knight] acquitted." A review of the record indicates Knight's trial counsel conducted cross-examination, including some re-cross-examination, and raised a number of objections during the hearing conducted by the trial court. At the trial, the sentencing hearing, and the state and federal habeas hearings neither Knight's trial counsel nor his habeas corpus counsel pointed to any unasked question or undisclosed facts that might have been favorable to Knight, had cross-examination been more extensive. Consequently, Knight has not shown that either his retained counsel or any other attorney could have provided him with more effective representation regardless of the procedure followed by the trial court.

The representation afforded by Knight's trial counsel satisfied the standard set forth in *Marzullo,* 561 F.2d at 543–44. The state habeas court's determination that Knight was effectively represented is based on·

7. 529 F.Supp. at 1322.

unassailable factual findings and is legally correct. We therefore conclude that Knight has not established that the procedure the trial court followed deprived him of the effective assistance of counsel.

The judgment of the district court granting Knight a writ of habeas corpus is reversed.