COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Annunziata
          and Senior Judge Hodges
Argued at Richmond, Virginia

CESAR HERNANDEZ BLAKE, JR.

v.   Record No. 1172-94-2          MEMORANDUM OPINION[*] BY
                                   JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA               AUGUST 1, 1995


            FROM THE CIRCUIT COURT OF LOUISA COUNTY
                 F. Ward Harkrader, Jr., Judge

        Darwyn H. Lesh for appellant.

        Thomas C. Daniel, Assistant Attorney General (James S.
        Gilmore, III, Attorney General, on brief), for
        appellee.



        Upon his plea of guilty, appellant, Cesar Hernandez Blake,

was convicted of conspiracy to distribute more than five pounds

of marijuana.  On appeal, he contends that the evidence presented

by the Commonwealth was insufficient to constitute an offense

under existing Virginia law.  We affirm the conviction.

        On November 8, 1993, appellant pled guilty to the charge of

conspiracy to distribute more than five pounds of marijuana.  The

trial judge extensively and thoroughly questioned appellant to

ensure that his plea was being entered freely and knowingly.  The

trial judge accepted appellant's guilty plea and the Commonwealth

presented evidence concerning the conspiracy charge.  Appellant

agreed, "that would be the Commonwealth's evidence if it were

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

presented."

Appellant now argues that the Commonwealth's evidence "not only does not support the plea of guilty, but has the opposite effect by indicating that in fact no conspiracy . . . as charged in the indictment, ever existed."

The Supreme Court of Virginia has held that the Commonwealth is not required to present evidence to support a guilty plea.

> [T]he introduction of evidence to sustain a conviction upon a guilty plea is . . . unnecessary in any criminal case. In <u>Crutchfield v. Commonwealth</u>, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948), we said that a "plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed." And in <u>Peyton v. King</u>, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969), we held that "a voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. It is a waiver of all defenses other than those jurisdictional."

> If, as <u>Crutchfield</u> and <u>King</u> teach us, a plea of guilty is a self-supplied conviction of the offense to which it is directed, the law would engage in superfluities to impose a requirement that evidence is necessary to sustain that which sustains itself. And if, as <u>King</u> holds, a plea of guilty is a waiver of all defenses save those jurisdictional, included in the waiver is the potential defense of lack of evidence or of insufficiency of evidence.

> In accepting a plea of guilty, any Virginia trial judge is, of course, free to hear the evidence he deems necessary to an understanding of the case and to the fixing of an appropriate sentence. This does not mean, however, that evidence <u>must</u> be heard upon a plea of guilty.

Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 792 (1976). Accordingly, the appellant's plea of guilty was sufficient to sustain the trial court's finding of guilt. The Commonwealth was not required to present evidence to support appellant's guilty plea.

Appellant's second and third issues are rendered moot by virtue of this Court's ruling on the first issue.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.