COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Petty

ROBERT DWAYNE ARMSTRONG

                                              MEMORANDUM OPINION[*] BY

v.       Record No. 2102-05-3            JUDGE ROBERT J. HUMPHREYS
                                           DECEMBER 28, 2006

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Henry A. Vanover, Judge

        Bruce H. Russell, II (Bolling, Hearl & Russell, on brief), for
        appellant.

        J. Robert Bryden, II, Assistant Attorney General (Robert F.
        McDonnell, Attorney General; Steven R. McCullough, Deputy State
        Solicitor General, on brief), for appellee.

        Robert Dwayne Armstrong ("Armstrong") appeals[1] his conviction of three counts of

unlawful carnal knowledge, in violation of Code § 18.2-63.[2] Armstrong contends that the trial

---

        [*]Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] This Court granted two of the issues Armstrong presented for appeal. The first question was phrased as follows: "Did the trial court err in sentencing appellant on Case Nos. CR03-1624 and CR03-1625?" The court denied Armstrong's petition for appeal as to the sentence for Case No. CR04-1267. The second issue presented, on which we granted an appeal, was phrased as follows: "Did the trial court err in convicting appellant of two counts of carnal knowledge of [the victim], in violation of Code § 18.2-63, because [the victim] was fifteen (15) years of age at the time of the offense?"
        Although this Court granted the issue regarding Armstrong's sentence, the brief Armstrong subsequently submitted failed to present this Court with any argument, or citation to authority, addressing this issue. Thus, this Court will not consider this issue on appeal. See Jenkins v. Commonwealth, 244 Va. 445, 451, 423 S.E.2d 360, 364 (1992) (finding that the defendant failed to brief or argue eight assignments of error, and thus, the Court declined to consider them); see also Rule 5A:20(e) ("The opening brief of appellant shall contain . . . [t]he principles of law, the argument, and the authorities relating to each question presented."). Accordingly, this Court is left with one question to decide. Specifically, this Court must determine if the trial court erred in convicting Armstrong of two of the three counts of unlawful carnal knowledge.

        [2] Code § 18.2-63 states, in pertinent part, "[i]f any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony."

court erred in convicting him of two counts of unlawful carnal knowledge because he now claims that the victim testified at the preliminary hearing that she was actually fifteen years of age at the time of the offense.[3] Armstrong argues that because the statute "deals with children who are 'under the age of 15,'" it was "improper of the court to convict him of the offense." For the following reasons, we disagree and affirm the conviction.

## BACKGROUND

On appeal, we view the evidence "in the light most favorable to the Commonwealth and grant all reasonable inferences fairly deducible therefrom." Ellis v. Commonwealth, 29 Va. App. 548, 551, 513 S.E.2d 453, 454 (1999). So viewed, the evidence established the following.

Armstrong was indicted on two counts of rape, in violation of Code § 18.2-61, and one count of unlawful carnal knowledge, in violation of Code § 18.2-63. Pursuant to a plea agreement, the Commonwealth agreed to amend the indictments to reflect three counts of unlawful carnal knowledge, in violation of Code § 18.2-63. In return, Armstrong agreed to plead guilty to all three counts.

On August 27, 2004, Armstrong pled guilty and stipulated to the Commonwealth's evidence as proffered by the prosecutor. Specifically, Armstrong agreed that the evidence proved that both victims were between the ages of thirteen and fifteen at the time of the offenses.[4] The court sentenced Armstrong to serve a total of 30 years (10 years for each count), with 20 years suspended. Armstrong now appeals.

---

[3] The Commonwealth argues that this question is procedurally defaulted because in his petition for appeal, Armstrong did not raise this assignment of error. However, this Court granted in part, and denied in part, Armstrong's petition for appeal. In granting part of the petition, this Court directed the parties to address the question of whether the trial court erred in convicting Armstrong of two counts of unlawful carnal knowledge. Thus, this issue is properly before the Court, and is not procedurally barred.

[4] At the preliminary hearing, one victim testified that she was fifteen at the time of the offense.

ANALYSIS

On appeal, Armstrong contends that because the victim's testimony at the preliminary hearing indicated that she was actually fifteen at the time of the offense, the trial court erred in convicting him under Code § 18.2-63. We disagree.

We need not reach the question of whether Armstrong's agreement to the evidentiary stipulation, which he asserts is in conflict with the victim's testimony at the preliminary hearing, constitutes trial court error. Specifically, "the introduction of evidence to sustain a conviction upon a guilty plea is [] unnecessary in any criminal case," as a "'plea of guilty, accepted and entered by the court, is a conviction or the equivalent of a conviction of the offense to which it is directed.'" Kibert v. Commonwealth, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976) (quoting Crutchfield v. Commonwealth, 187 Va. 291, 296, 46 S.E.2d 340, 342 (1948)). Moreover, "it is a waiver of all defenses other than those jurisdictional." Peyton v. King, 210 Va. 194, 196, 169 S.E.2d 569, 571 (1969). Thus, "[w]here a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal." Id.

In this case, Armstrong contends that because the victim testified during the preliminary hearing that she was fifteen at the time of the offense, the evidence failed to prove an element of the offense for which he was convicted. Stated differently, Armstrong contends that the evidence was insufficient to support his conviction for two counts of unlawful carnal knowledge, in violation of Code § 18.2-63.[5]

However, Armstrong fails to recognize that by entering a knowing, voluntary, and intelligent plea of guilty, he supplied all of the evidence necessary to support his conviction. See Hobson v. Youell, 177 Va. 906, 912-13, 15 S.E.2d 76, 78 (1941) ("Generally no evidence of

_____

[5] Armstrong does not argue that the guilty plea was involuntarily or unintelligently made.

- 3 -

guilt is required in order to proceed to judgment [upon a plea of guilty], for [the] accused has himself supplied the necessary proof.").[6] He also fails to recognize that a voluntary and intelligent guilty plea, accepted by the court, bars him from attacking his conviction based on *any* non-jurisdictional grounds. See Beaver v. Commonwealth, 232 Va. 521, 526, 352 S.E.2d 342, 345 (1987). As such, Armstrong may not now appeal his conviction based on insufficiency of the evidence. Accordingly, we hold that the trial court did not err in finding Armstrong guilty of unlawful carnal knowledge, in violation of Code § 18.2-63.

Affirmed.

---

[6] "In a proper case evidence may be heard as to the aggravation or mitigation of the offense." Youell, 177 Va. at 913, 15 S.E.2d at 78. In this context, "may" denotes discretion, not direction. Kibert, 216 Va. at 665, 222 S.E.2d at 793.