COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Benton and Petty
Argued at Richmond, Virginia


CHRISTINE HENLEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0538-06-2        CHIEF JUDGE WALTER S. FELTON, JR.
                                                    APRIL 17, 2007
GERMAINE MCGIRT


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

Monica McCarroll (Melissa Lykins; Williams Mullen, on briefs), for
appellant.

Robert R. Hagy, II (Law Offices of Rob Hagy, P.C., on brief), for
appellee.


Appellant Christine Henley appeals the circuit court's (trial court) dismissal of her petition

for a protective order entered by the Juvenile and Domestic Relations District Court of the City of

Richmond (J&DR court). She contends the trial court erred in conducting a hearing on Germaine

McGirt's (McGirt) appeal from a permanent protective order entered against him by the J&DR

court because she "did not have proper notice" of the docketing of the appeal or the subsequent

hearing and, therefore, had no opportunity to be heard in the trial court.

The record presented to us on appeal is sparse. No transcript or statement of facts has been

timely filed as part of the appeal. See Rule 5A:8. Appellant contends the questions she presents on

appeal -- lack of notice to her and her counsel of record of the appeal from the J&DR court, and lack

of notice to her and her counsel of record of the hearing in the trial court -- can be decided based on

the record available to this Court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The record provided to us on appeal contains the order entered by the trial court on February 1, 2006, dismissing appellant's petition for a protective order. The order specifically states that appellant received "proper and legal notice" of the proceeding.

On February 21, 2006, one day prior to the trial court's order becoming final under Rule 1:1, counsel for appellant filed a motion for reconsideration with the clerk of the trial court, requesting "that the Court reconsider this matter and deny McGirt's appeal, or order a rehearing so that both parties have the opportunity to be heard on this important matter." Nothing in the record presented to us reflects that appellant requested the trial court to vacate or set aside its February 1, 2006 order pending a hearing on appellant's motion for reconsideration or that the trial court ever considered appellant's motion. On February 22, 2006, the order of the trial court dismissing appellant's petition for a permanent protective order became final.

It is well settled that "[a] court speaks through its written orders." Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998) (citing Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). Because "[a] recital of proceedings in a judicial order is an 'absolute verity and it is not subject to collateral attack,'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Kibert v. Commonwealth, 216 Va. 660, 662, 222 S.E.2d 790, 791 (1976)), we presume "that the order, as the final pronouncement on the subject . . . accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).

The trial court's order clearly states that appellant received "proper and legal notice" of McGirt's appeal and subsequent hearing. The record before us does not indicate the trial court was presented with evidence impeaching the veracity of its order or was given the opportunity to consider appellant's specific objections prior to the order becoming final. We will not consider

arguments on appeal that were not presented to the trial court.  <u>See</u> Rule 5A:18; <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

From the record before us, we conclude that the trial court never heard the parties below on the questions presented to us, and appellant failed to rebut the presumptive verity of the trial court's order.  The judgment of the trial court is therefore affirmed.

<u>Affirmed.</u>