**Alexandria**

MICHAEL TERRANCE TREU

v.

COMMONWEALTH OF VIRGINIA

No. 0414-90-4

Decided July 23, 1991

COUNSEL

Steve N. Luxford, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—We hold that Michael Treu's conviction of fleeing a police officer in Fairfax County did not bar his subsequent hit and run conviction in Arlington County, even though the hit and run was the culmination of the same flight from the police that gave rise to the Fairfax County conviction.

 Code § 19.2-294 provides in relevant part:

If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution under the other or others.

"[T]he test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" *Estes v. Commonwealth*, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971). Under that test, "one occasion of driving an automobile may give rise" to more than one conviction. *Id.*

Here, Treu failed to stop his truck after Fairfax police officers flashed emergency lights for him to stop. He fled at a high rate of speed from Fairfax County into Falls Church.[1] Officer Allen Frede of the Falls Church Police Department positioned his cruiser so as to "box" in Treu. Without slowing down, Treu drove his vehicle into the cruiser and then fled from the scene. Frede sustained personal injury and the cruiser was damaged.

On August 3, 1989, Treu pled guilty in Fairfax County to flight from and eluding the police, a violation of former Code § 46.1-192.1. Subsequently, an Arlington County grand jury indicted him for failing to stop at the scene of an accident involving personal injury, a violation of former Code § 46.1-176. Treu raised the provisions of Code § 19.2-294 as a bar to the Arlington prosecution. He was convicted in Arlington County of failing to stop at the scene of an accident involving property damage, a violation of former Code § 46.1-176.

Applying the *Estes* test to the facts, we conclude that the Arlington County prosecution for hit and run was not barred. None of the evidence involving the flight from police in Fairfax County was required to prove the hit and run in Falls Church.

---

[1] Offenses committed in Falls Church are prosecuted in Arlington County Courts.

The Arlington County conviction was not based on the "same act" that served as the basis for the Fairfax County conviction.

Accordingly, the judgment is affirmed.

*Affirmed.*

Duff, J., and Willis, J., concurred.