**Norfolk**

CARLOS RODRIGUEZ EDMUNDSON

v.

COMMONWEALTH OF VIRGINIA

No. 1657-90-1

Decided January 7, 1992

COUNSEL

Theresa B. Berry, for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Carlos Rodriguez Edmundson pled guilty to and was convicted of possessing cocaine in violation of Code § 18.2-250. In this appeal, he contends that the trial court erred in compelling him to testify at his sentencing hearing in contravention of his fifth amendment rights. We hold that by pleading guilty, a defendant waives his fifth amendment right against self-incrimination as to matters germane to the offense for which he has pled guilty and is to be sentenced. Thus, we reject Edmundson's contention and affirm his conviction.

The trial court accepted Edmundson's guilty plea as voluntary and found him guilty. At Edmundson's sentencing hearing, the Commonwealth called him to testify concerning a statement he allegedly made which was included in the presentence report, in which he disclaimed "ever having used illegal drugs." Edmundson, by counsel, objected on the basis that under the fifth amendment to the United States Constitution, an accused may not be compelled to testify and thereby incriminate himself. The court overruled the objection. Edmundson testified that he had disclaimed drug use to the "first presentence report person," but that he had admitted to the second officer that he had a cocaine habit. The requirement that Edmundson testify and admit that he had given the probation officers conflicting accounts is the basis of the appeal.

The consequences of pleading guilty to an offense are far-reaching. By entering a guilty plea, a defendant "waives several fundamental Constitutional rights." *Graham v. Commonwealth*, 11 Va. App. 133, 139, 397 S.E.2d 270, 273 (1990). One of the fundamental rights waived by a defendant who enters a guilty plea is the privilege against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). A guilty plea is an admission of guilt and is itself a "self-supplied conviction." *Kibert v. Commonwealth*, 216 Va. 660, 664, 222 S.E.2d 790, 793 (1976).

In *Brown v. Butler*, 811 F.2d 938 (5th Cir. 1987), the appellant posited an argument very similar to that made by Edmundson.

There, the appellant contended that his constitutional rights were violated where, subsequent to pleading guilty, his sentence was based upon a presentence investigation report which included inculpatory statements taken in violation of his *Miranda* rights. The court, citing *Boykin*, held that the appellant had "waived [his] privilege against compulsory self-incrimination guaranteed by the fifth amendment." *Id.* at 940. *See also United States v. Woods*, 907 F.2d 1540, 1543 (5th Cir. 1990), *cert. denied*, 111 S. Ct. 792 (1991).

Edmundson entered a guilty plea, the voluntariness of which he does not contest. Consequently, Edmundson, by pleading guilty, incriminated himself and, by so doing, waived his right against compulsory self-incrimination in regard to matters germane to that offense. The waiver is not unlimited; it does not allow the law enforcement authorities to inquire about unrelated matters which have no bearing upon the disposition of the case before the trial court. Here, the trial court was considering a presentence report in order to determine an appropriate sentence and disposition. Edmundson had given conflicting reports about the extent of his drug use or habit. The Commonwealth sought to clarify the situation and to determine the extent of Edmundson's habit. The inquiry was relevant to the case for which he had pled guilty and within the scope of the waiver. Accordingly, his contention on appeal is without merit.

For the reason stated, we affirm the appellant's conviction.

*Affirmed.*

Baker, J., and Willis, J., concurred.