## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Corey S. Gibson

May 16, 1996

Case Nos. (Criminal) M004157, 004158, 004159

By Judge Stanley P. Klein

Defendant Corey S. Gibson appeals his March 1, 1996, General District Court convictions on the charges of reckless driving, driving on a suspended operator's license, and speeding to elude. At trial in this Court, Gibson introduced evidence that on April 6, 1996, after his *de novo* appeals to this Court on these charges were properly noted and perfected, he was again tried in the General District Court on identical charges brought by a different police officer. Gibson claims that this Court must therefore dismiss the three charges pending before this Court based upon the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Va. Code § 19.2-294. The Court has considered the evidence presented, the memoranda submitted, and the arguments of counsel. For the reasons set forth in this letter opinion, the plea of double jeopardy is sustained as to the driving on a suspended license charge but is overruled as to the reckless driving and speeding to elude charges. The statutory argument is also overruled.

At approximately 12:40 p.m. on Thursday, February 23, 1996, Officer T. W. Harrington of the Fairfax County Police noticed a dark maroon Honda motorcycle operating at what he believed to be an unlawful speed in the Tysons Corner area of Fairfax County. As a result, Harrington activated his emergency equipment and pursued the motorcycle, which was driven by Gibson. Gibson looked back at the police cruiser and then accelerated away at a high rate of speed. The motorcycle ran at least three red lights,

crossed over a median strip, and proceeded northbound in the southbound lanes of Route 123 directly outside of the Tysons Corner Shopping Center. Numerous cars were proceeding in the southbound lanes as Gibson proceeded in the opposite direction and entered Route 495 South.

Harrington pursued Gibson on 495 where Gibson accelerated to speeds in excess of 100 miles per hour. Just prior to the Route 95 interchange, Harrington was advised by radio dispatch to cease his pursuit as the Virginia State Police would be confronting Gibson. Although he ceased his high speed pursuit, Harrington saw the State Police confront and stop Gibson, and then he continued on to the scene of the apprehension. Upon questioning, Gibson advised Harrington that he had attempted to elude the officer because Gibson was driving on a suspended license.

On March 1, 1996, Gibson was tried in the Fairfax County General District Court and convicted of reckless driving, driving on a suspended license, and speeding to elude. He timely noted his appeal to each of those convictions. On April 8, 1996, Gibson again stood trial in the Fairfax County General District Court on identical charges brought by Trooper P. H. Boland of the Virginia State Police (Boland) and was convicted of each of the charges.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This protection prevents both successive prosecutions and successive punishments for the same criminal offense. *North Carolina v. Pearce*, 395 U.S. 711 (1969). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Supreme Court formulated the so-called "same elements" or "Blockburger" test to determine whether two offenses were separate or identical for double jeopardy purposes.

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Id.* at 304. The proponent of the double jeopardy claim has the burden of proving that the offenses are identical. *Low v. Commonwealth*, 11 Va. App. 48, 50 (1990).

The Court finds that Gibson has met his burden of proof on the driving on suspended charge. Harrington's testimony at trial was clear that Gibson

was involved in one continuous act of driving from the time he first observed the motorcycle in the Tysons Corner area until Gibson was apprehended by the State Police. The same elements of (1) driving (2) after his license had been suspended were implicated in the charges brought by both Boland and Harrington. Consequently, the driving on suspended charge must be dismissed on double jeopardy grounds.

Gibson's double jeopardy argument must nonetheless fail as to the remaining two charges. Boland charged Gibson with reckless driving and speeding to elude based upon driving conduct at the interchange of Routes 495 and 95. Harrington charged him with committing the same offense in the Tysons Corner area. Gibson failed to introduce evidence of the specific driving conduct that constituted the speeding to elude Boland. The introduction of the summons evidencing the conviction noted only the location of the offense and did not establish that the driving conduct was the identical conduct which led Harrington to issue his speeding to elude charge. Nor did Gibson prove any connection between his running three red lights and proceeding the wrong way through busy traffic on Route 123 at Tysons Corner and any reckless driving observed by Boland numerous miles away. Therefore, Gibson has failed to establish that the acts of reckless driving and speeding to elude, which support the charges brought by Harrington, bore any relationship to the charges brought by Boland. Consequently, as Gibson has failed to satisfy his burden of establishing that the offenses are identical, the Court rejects his double jeopardy claim on the reckless driving and speeding to elude charges.

Gibson further argues that Va. Code § 19.2-294 precludes a conviction on any of the charges pending before this Court. That statute reads in relevant part as follows:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a state and a federal statute, a prosecution under the federal statute shall be a bar to a prosecution under the state statute.

Relying primarily on the panel decision in *Lash v. County of Henrico*, 13 Va. App. 251 (1991), Gibson argues that his conduct consisted of one distinct continuous and unaltered course of driving, and therefore, the convictions on the charges lodged by Boland constitute a bar to further

convictions herein.[1] Gibson misreads the precedent interpreting Code § 19.2-294.

"One occasion of driving an automobile may give rise" to multiple convictions. *Estes v. Commonwealth*, 212 Va. 23, 24 (1971); *Treu v. Commonwealth*, 12 Va. App. 996, 997 (1991). "The test of whether there are separate acts sustaining several offenses is whether the same evidence is required to sustain them." *Estes* at 24. While Va. Code § 19.2-294.1 prohibits convictions of both driving under the influence and reckless driving "growing out of the same *act* or *acts*," Code § 19.2-294 applies only when "the same *act*" is a violation of two or more statutes. The *en banc* Court of Appeals overturned the panel decision in *Lash* and held that a driver can be convicted of both reckless driving and speeding to elude arising out of a continuous course of driving conduct, provided that the convictions are based upon separate and distinct acts. *Lash v. County of Henrico*, 14 Va. App. 926 (1992) (*en banc*).

An examination of the evidence herein belies Gibson's claim that Code § 19.2-294 is controlling. The convictions on Boland's charges were based on acts occurring at the 495/95 interchange while Harrington's charges arose out of driving conduct occurring near Tysons Corner. As the same evidence is not required to sustain these charges, *Estes* at 24, *Treu* at 997, the bar of Code § 19.2-294 is not implicated.

As a result, this Court finds defendant Corey S. Gibson guilty of reckless driving and speeding to elude but dismisses the charge of driving on a suspended license. The Court will sentence the defendant on May 17, 1996.

---

[1] Gibson does not argue that Code § 19.2-294 precludes convictions on both the reckless driving and speeding to elude charges brought by Harrington. As these charges were prosecuted simultaneously, § 19.2-294 does not apply. *Hall v. Commonwealth*, 14 Va. App. 892 (1992) (*en banc*).