COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


LEON ANTHONY WILSON
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 0962-97-1       JUDGE JOSEPH E. BAKER
                                            APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Marc Jacobson, Judge

              Robert L. Bohannon (Bohannon, Bohannon &
              Hancock, P.C., on brief), for appellant.

              John K. Byrum, Jr., Assistant Attorney
              General (Richard Cullen, Attorney General, on
              brief), for appellee.


        Leon Anthony Wilson (appellant) appeals his bench trial

conviction by the Norfolk Circuit Court (trial court) for

possession of a firearm by a convicted felon.[1]  The sole issue

presented by this appeal is whether the trial court erroneously

convicted appellant of possession of a firearm by a convicted

felon while simultaneously acquitting him of murder[2] and use of a

firearm in the commission of murder[3] based on a finding of

self-defense.  On the facts contained in this record, we affirm

the judgment of the trial court.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Code § 18.2-308.2.

[2]Code § 18.2-32.

[3]Code § 18.2-53.1.

Upon familiar principles, we state the facts in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Stated in that light, the record discloses that on May 10, 1995, appellant shot and killed Wilfredo Velez. On that date, Velez confronted appellant concerning a drug sale and demanded that appellant return his money. Appellant told Velez he would "check it out" and left the scene. About ten minutes later, Velez confronted another person, apparently believing him to be appellant, and began waving a hatchet. When appellant heard what was taking place, he "stepped inside [a] house," "picked up a [gun]," put it in his pocket and walked out into the street to face Velez. He returned Velez' money, but Velez came at him swinging the hatchet. Appellant backed up and pulled out his gun. When Velez came at him again, appellant fired into the ground, but Velez kept swinging and backed appellant into a fence. Appellant warned Velez repeatedly that he "[didn't] want [any] trouble," but Velez would not leave him alone, and appellant shot him because he thought "Velez was going to kill [him]." Velez died from the gunshot wounds.

The trial court found the evidence insufficient to prove beyond a reasonable doubt that appellant had committed murder and acquitted him of the charges of murder and the related use of a firearm. However, the trial court found the evidence sufficient

to support appellant's guilt for possession of a firearm after having previously been convicted of a felony.  We agree.

It is clear that when Velez first was seen "waving a hatchet," he was not waving it at appellant.  Appellant was not even present at that time.  Appellant only "heard" that Velez intended to attack him with the hatchet.  Upon hearing that intention, appellant stepped inside a house, picked up a gun, concealed it, returned to the street, and initiated a further confrontation with Velez.

Here, the evidence supported a finding that appellant, a convicted felon, possessed the firearm before becoming embroiled in the altercation which led to the shooting.  Upon entering the house and taking possession of the gun, appellant was in violation of Code § 18.2-308.2, regardless of what he did with the gun thereafter.  Therefore, the evidence supports a finding that the charges of murder and the related use of a firearm were separate in time from the charge of possession of a firearm by a convicted felon.  Cf. Treu v. Commonwealth, 12 Va. App. 996, 406 S.E.2d 676 (1991).

We hold that appellant's acquittal on the independent charges did not prevent his conviction for the charge from which this appeal emanates.  Accordingly, the judgment of the trial court is affirmed.

Affirmed.