COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Coleman
Argued at Salem, Virginia


EDWARD J. TERRY
                                    MEMORANDUM OPINION* BY
v.    Record No. 0959-02-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        APRIL 15, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                    Charles J. Strauss, Judge

            Greg T. Haymore (Turpin & Haymore, P.C., on
            brief), for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Edward J. Terry (appellant) was convicted of speeding and,

later, indicted and convicted of operating a motor vehicle after

being adjudicated an habitual offender, third offense.  Both the

speeding and the habitual offender charge arose from events that

culminated in the same traffic stop.  The sole issue raised on

appeal is whether Code § 19.2-294 barred the habitual offender

conviction.  Finding no error, we affirm.

                        I.  BACKGROUND

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to that evidence all

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

On May 5, 2000, Officer Billy Crowe of the Town of Hurt Police Department stopped appellant for driving sixty miles an hour in a forty-five miles an hour zone. Officer Crowe determined that appellant's license was suspended and charged him with driving on a suspended operator's license and speeding.

On June 27, 2000, appellant was convicted on the speeding charge, but at that hearing the Commonwealth disposed of the charge of driving on a suspended operator's license by nolle prosequi after appellant's DMV record showed him to be an habitual offender. On August 21, 2000, appellant was indicted for operating a motor vehicle after being declared an habitual offender in violation of Code § 46.2-357, third or subsequent offense.

Appellant filed a motion to dismiss the habitual offender indictment because the speeding and habitual offender charges arose from the same act and were, therefore, barred by Code § 19.2-294. The trial court denied the motion stating:

> Here we have him going through radar at
> point A and later he continues driving. He
> may have slowed down at that point. He may
> have sped up. I don't know what he did, but
> it seems to me that at that point anything
> that he commits after he's speeding is
> another separate act, or can be another
> separate act, and they're not, in fact,
> simultaneous.

Appellant was convicted of the habitual offender charge and sentenced to five years incarceration with four years suspended. He appeals this conviction.

-

## II.  Analysis

Appellant contends the trial court erred in denying his motion to dismiss the indictment pursuant to Code § 19.2-294. Appellant argues that his only "act" was driving the vehicle and, therefore, he cannot be convicted of being an habitual offender after having been previously convicted of speeding arising from the same act.  We disagree.

Code § 19.2-294 states in pertinent part that "[i]f the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."

"[I]f two offenses involve 'two separate and distinct acts,' conviction of one does not bar a prosecution for the other."  Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc).  "[A] conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proven without the necessity of proving the other."  Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991).  "The test of whether there are separate acts sustaining several offenses is whether the same evidence is required to sustain them."  Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (internal quotations omitted). "In applying the 'same evidence' test, 'the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself.'"  Johnson v. Commonwealth, 38 Va. App. 137, 146, 562

-

S.E.2d 341, 345 (2002) (quoting Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d 455, 459 (1992) (en banc)).

The instant case is controlled by our recent decision in Johnson. After being stopped for having an invalid inspection decal, Johnson told the police his license was suspended. The police computers were inoperable at the time of the traffic stop, and the information could not be verified. Johnson was charged with driving on a suspended license. He later pled guilty and was sentenced in general district court. After trial, the officer determined Johnson had been adjudicated an habitual offender before the inspection violation stop. Johnson was then indicted for driving after having been adjudicated an habitual offender. As in the instant case, Johnson argued that Code § 19.2-294 precluded his conviction.

In affirming the trial court, we said:

> In Hall, we instructed that determination of an "act" in the context of Code § 19.2-294 required consideration of the time, situs, victim and the nature of the act. Here, assuming time, situs and victim coincided, the nature of the specific act peculiar to each prosecution is distinct. In the first instance defendant admittedly was unlawfully operating a vehicle while his privileges were in suspension. In contrast, the subject prosecution resulted from such operation after he had been adjudicated an habitual offender. While driving was conduct common and necessary to each offense, the legal disability upon defendant that attended and was integral to the respective acts was significantly different. Thus, the "same evidence" would not produce a conviction for both offenses. Accordingly, the disparate "nature" of the acts saves the instant prosecution from the reach of Code § 19.2-294.

-

Id. at 147, 562 S.E.2d at 346 (emphasis added).

The same rationale is equally applicable here.  In the instant case the speeding charge and habitual offender charge require different evidence.  Thus, the "nature of [each] specific act" is separate and distinct.  While the method of operating a motor vehicle is at issue in both charges, "the nature of the specific act peculiar to each prosecution is different."  Id.

Accordingly, we affirm the judgment of the trial court.

Affirmed.