COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and AtLee
Argued by teleconference

COMMONWEALTH OF VIRGINIA

v.      Record No. 1245-19-2

WARREN HAMPTON FERGUSON

MEMORANDUM OPINION[*] BY
CHIEF JUDGE MARLA GRAFF DECKER
JANUARY 14, 2020

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William E. Glover, Judge

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

James Joseph Ilijevich for appellee.

Warren Hampton Ferguson (the defendant) was indicted for possession of a controlled

substance with the intent to distribute, second offense, in violation of Code § 18.2-248. The

defendant filed a pretrial motion to dismiss, arguing that the prosecution of the charge would violate

the constitutional prohibition against double jeopardy. After a hearing, the circuit court granted the

motion and dismissed the charge on double jeopardy grounds. The Commonwealth appeals the

dismissal pursuant to Code § 19.2-398, arguing that double jeopardy principles do not apply. We

conclude that the circuit court erred because the conduct alleged to have occurred in Spotsylvania

County constituted a separate and distinct act from the offense that the defendant committed in the

City of Fredericksburg. Consequently, we reverse the circuit court's ruling dismissing the

indictment and remand the case for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

# I. BACKGROUND[1]

As part of an ongoing joint investigation, Detective N.D. Ridings of the Spotsylvania County Sheriff's Office conducted surveillance on the defendant. On December 19, 2017, the detective followed the defendant when he drove from his house in the City of Fredericksburg to a convenience store in Spotsylvania County, a short distance away. Ridings approached the defendant outside of the store, and he agreed to speak with the detective. He admitted that he sold heroin, and the officers found heroin in his pocket. Law enforcement then searched the defendant's house and found more heroin. The Commonwealth obtained two certificates of analysis—one for the heroin recovered from the defendant's person and one for the heroin found in his home. The amount found on his person was 1.25 grams. The amount found in his home was 6.21 grams.

The defendant was charged in Fredericksburg with possession of heroin with the intent to distribute based on the heroin found in his home. On June 26, 2018, the defendant pleaded guilty to that charge. The Commonwealth proffered that had the case gone to trial, Detective Ridings would have provided most of the evidence. The Commonwealth did not discuss the defendant's possession of heroin in his pocket when he was stopped in Spotsylvania. However, the prosecutor entered both certificates of analysis into evidence as a single exhibit at the Fredericksburg hearing on the guilty plea, inaccurately representing that "both" items "were found in" the defendant's home. The defendant did not object to the admission of the certificate of analysis relating to the heroin found on his person into evidence or to the Commonwealth's inaccurate proffer.

The Fredericksburg circuit court accepted the defendant's guilty plea. The recitation of facts in the presentence report (PSR) represented that "[a]fter initiating personal contact with [the defendant] in Spotsylvania, deputies recovered heroin from his person." The PSR provided further

---

[1] In an appeal brought by the Commonwealth pursuant to Code § 19.2-398, we view the record in the light most favorable to the defendant as the prevailing party below. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067 (1991).

that police officers searched his home and found heroin and "cash in various places." The sentencing range for the conviction was from five to twenty years. The court sentenced the defendant to twenty years, with ten years suspended.

On July 16, 2018, the defendant was directly indicted in Spotsylvania County for the possession of the heroin found on his person when he was arrested. The defendant filed a motion to dismiss the charge. He argued that the conviction based on his guilty plea to the Fredericksburg charge barred his subsequent prosecution in Spotsylvania because the charges were based on the same act.

The Spotsylvania circuit court agreed and granted the defendant's motion to dismiss the indictment. In so ruling, the judge concluded that if the offenses had occurred in the same jurisdiction, the defendant could not have been convicted of the first charge and then later prosecuted for the second charge without violating double jeopardy. The judge reasoned that the same principles applied because the certificate of analysis of the material found on the defendant's person in Spotsylvania was entered into evidence to support the Fredericksburg conviction.

## II. ANALYSIS

The Commonwealth appeals the dismissal of this case pursuant to Code § 19.2-398(A)(1). It argues that the circuit court erred by holding that the defendant's constitutional protections against double jeopardy barred the Spotsylvania charge.

In the circuit court, the defendant carries the burden of substantiating his allegation of double jeopardy. Roach v. Commonwealth, 51 Va. App. 741, 749 (2008). On appeal, the Commonwealth, as the appellant, bears the burden of showing that the circuit court's ruling constituted reversible error. See, e.g., Hairston v. Commonwealth, 67 Va. App. 552, 560 (2017). An appellate court reviews *de novo* the legal question whether double jeopardy bars a subsequent

- 3 -

prosecution. See Commonwealth v. Gregg, 295 Va. 293, 296 (2018) (quoting Johnson v. Commonwealth, 292 Va. 738, 741 (2016)). "This Court 'examine[s] the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter[s].'" Campbell v. Commonwealth, 69 Va. App. 217, 226 (2018) (alterations in original) (quoting Davis v. Commonwealth, 63 Va. App. 45, 52 (2014)).

"The Fifth Amendment guarantee against double jeopardy . . . consists of three separate constitutional protections."[2] Andrews v. Commonwealth, 280 Va. 231, 279 (2010). "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Id. (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (footnotes omitted)). The challenge here involves the protections against a second prosecution and punishment for the same offense after conviction. These protections apply "only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted." Miles v. Commonwealth, 205 Va. 462, 467 (1964) (quoting Henson v. Commonwealth, 165 Va. 829, 832 (1936)). Prosecution and "punishment for two offenses" that constitute "separate and distinct acts" do not offend the Double Jeopardy Clause. Roach, 51 Va. App. at 748 (citing Stephens v. Commonwealth, 263 Va. 58, 62-63 (2002)).

"The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to [prove] them.'" Johnson v. Commonwealth, 38 Va. App. 137, 146 (2002) (quoting Treu v. Commonwealth, 12 Va. App. 996, 997 (1991)). "In applying the 'same evidence' test, 'the particular criminal transaction must be examined to determine whether the acts are the

_____

[2] "Virginia's constitutional guarantee against double jeopardy affords a defendant the same guarantees as the federal Double Jeopardy Clause." Roach, 51 Va. App. at 748 n.3 (quoting Stephens v. Commonwealth, 263 Va. 58, 62 (2002)).

- 4 -

same in terms of time, situs, victim, and the nature of the act itself.'" Id. (quoting Hall v. Commonwealth, 14 Va. App. 892, 898 (1992) (*en banc*)).

"[D]iscovery of drugs in a defendant's possession may support more than one drug conviction without violating double jeopardy." Peake v. Commonwealth, 46 Va. App. 35, 40 (2005). "[E]ach distinguishable incident of the offending conduct constitutes a 'unit of prosecution' for violation of the statute." Shears v. Commonwealth, 23 Va. App. 394, 401 (1996) (citing Kelsoe v. Commonwealth, 226 Va. 197, 198-99 (1983)). This principle applies in the case of successive prosecutions as well as simultaneous ones. Peake, 46 Va. App. at 39, 41-42.

In the Spotsylvania circuit court, the defendant acknowledged the general principle that an individual could be convicted of two offenses if he possessed a controlled substance on his person and, at the same time, possessed a controlled substance in his residence. He contended, however, that the trial judge in the Fredericksburg case had *already* found him guilty of possessing the total amount found and considered that fact in determining his sentence.

The central question on appeal is whether the subsequent prosecution in Spotsylvania placed the defendant in jeopardy twice because it was a prosecution of the "same act" under the same statute as the Fredericksburg conviction. We hold that it did not.

The Fredericksburg conviction required different evidence than the subsequent Spotsylvania prosecution. The first required evidence of his possession of heroin in Fredericksburg. The second required proof of his possession of heroin in Spotsylvania. Therefore, the two separate trials did not violate the defendant's constitutional protections against double jeopardy. See Roach, 51 Va. App. at 748; Johnson, 38 Va. App. at 146-47.

In urging otherwise, the defendant stresses that during the Fredericksburg trial, the Commonwealth mistakenly represented that the heroin actually found on his person in Spotsylvania was found in the house in Fredericksburg. At that time, the Commonwealth also inaccurately

proffered that the same heroin constituted part of the factual basis for the conviction. The defendant

relies on this mistake for his double jeopardy argument, contending that the act of possessing the

heroin in his pocket served as part of the basis for his guilty plea and conviction in Fredericksburg.

He reasons that the constitutional bar against double jeopardy protected him from prosecution in

Spotsylvania for the same act of possessing the heroin in his pocket. However, the test applied to

determine whether prosecutions are based on separate offenses "is whether the same evidence *is*

*required* to sustain them." Johnson, 38 Va. App. at 146 (emphasis added) (quoting Treu, 12

Va. App. at 997). The test for double jeopardy is not, as the defendant seems to suggest, whether

the Commonwealth actually used or attempted to use the same evidence to obtain multiple

convictions. See id. at 146-47 (affirming two convictions based on a single act of driving). Quite

simply, the Commonwealth's mistake of fact at the Fredericksburg hearing on his guilty plea does

not affect our double jeopardy analysis.[3]

The defendant additionally suggests that double jeopardy protections were implicated

because the circuit court, in sentencing him for the conviction in Fredericksburg, considered the

total 7.46 grams of heroin found in both locations, rather than only the amount found in his house,

which actually constituted the basis for the conviction.

The legal authority does not support this position. During sentencing, a trial court may

consider evidence of "unadjudicated criminal activity." Thomas v. Commonwealth, 18 Va. App.

656, 659 (1994) (*en banc*). Double jeopardy principles do not "bar a later prosecution or

punishment for criminal activity where that activity has been considered at sentencing for a separate

---

[3] Based on this holding, we do not address the Commonwealth's argument that due to the defendant's guilty plea, it was not required to present any facts in support of the Fredericksburg conviction and therefore that evidence was irrelevant. See Edmundson v. Commonwealth, 13 Va. App. 476, 477 (1992) ("A guilty plea is an admission of guilt and is itself a 'self-supplied conviction.'" (quoting Kibert v. Commonwealth, 216 Va. 660, 664 (1976))).

crime."[4] <u>Witte v. United States</u>, 515 U.S. 389, 398 (1995).  Therefore, the Fredericksburg court did not err by considering the evidence relevant to the yet-to-be-prosecuted possession of the heroin on the defendant's person, and such consideration had no impact on the subsequent prosecution.

Based on the record, this case is unaffected by constitutional double jeopardy protections. See <u>Rhodes v. Commonwealth</u>, 223 Va. 743, 748 (1982) (holding that the admission of evidence in an earlier trial that resulted in acquittal for possession of a controlled substance did not preclude its admission in a subsequent trial for manufacturing a controlled substance).  Therefore, the defendant failed below to demonstrate that the prosecution in Spotsylvania violated his protections against double jeopardy.  His possession of the drugs on his person and in his home constituted two separate and distinct acts and the acts occurred in two different jurisdictions.  Consequently, the circuit court erred as a matter of law by holding that the second prosecution violated the constitutional protection against double jeopardy.

## III.  CONCLUSION

We hold that the record, viewed under the appropriate legal standard, compels the conclusion that the charge in Spotsylvania did not violate the defendant's constitutional protections against double jeopardy.  Consequently, we reverse the ruling dismissing the indictment and remand the matter to the circuit court for further proceedings.

<u>Reversed and remanded.</u>

---

[4] Further, although Code § 18.2-248 provides that possessing certain significant amounts of heroin with the intent to distribute requires heightened penalties, that amount (one hundred grams or more) is well over the amount at issue in this case.  Therefore, consideration of the total amount did not subject the defendant to an aggravated penalty.